441 F.2d 313
 Steve METROS, T. E. Coogan, Michael Dowd, et al., Petitioners,
v.
The UNITED STATES DISTRICT COURT FOR the DISTRICT OF COLORADO, William E. Doyle, one of the Judges thereof, and Robert L. Schoengarth, Respondents.
 No. 432-70.
 United States Court of Appeals, Tenth Circuit.
 December 23, 1970.
 Rehearing Denied April 23, 1971.
 
 Wesley H. Doan, Denver, Colo. (Joseph N. Lilly, Denver, Colo., with him on the brief), for petitioners.
 William M. Cohen, Boulder, Colo. (Legal Aid and Defender Program, Boulder, Colorado, with him on the brief), for respondents.
 Thomas P. Casey, Deputy Dist. Atty. (Duke W. Dunbar, Atty. Gen. of Colo., John P. Moore, Deputy Atty. Gen., George E. DeRoos and Eugene C. Cavaliere, Asst. Attys. Gen., James D. McKevitt, Dist. Atty., Second Judicial District, Gregory A. Mueller, Asst. Dist. Atty., Jarvis W. Seccombe, Chief Deputy Dist. Atty., Max P. Zall, City Atty., City and County of Denver, James H. Snyder, and Gerald Himelgrin, Asst. City Atty., with him on the brief), as amicus curiae.
 Brief submitted by George A. Aucoin, Denver, Colo., for Colorado Chapter, Americans for Effective Law Enforcement, Inc., and Frank G. Carrington, Jr., Chicago, Ill., Executive Director, Americans for Effective Law Enforcement, Inc., as amicus curiae.
 Before HILL, SETH and HOLLOWAY, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 This matter is before us on an application for a writ of prohibition directed to a judge of the United States District Court for the District of Colorado.
 
 
 2
 The plaintiff in the civil action from which these proceedings arose had theretofore entered a plea of guilty in the District Court for the City and County of Denver, Colorado, to an information charging him with unlawful possession of heroin in violation of the laws of Colorado. He was sentenced to a four to seven year term in the Colorado Penitentiary. He later unsuccessfully sought post conviction relief in the State and federal courts. Then he brought an action for money damages under the Civil Rights Act against the police officers who performed the search of the premises where the narcotics were found and where plaintiff was arrested. This suit alleges that the search warrant obtained and used by the officers for the search was "not sufficient." And as a separate issue, he alleges that he was coerced into signing a written statement. During the pretrial procedure in in this damage suit the plaintiff filed interrogatories seeking answers from the defendant as to several matters. We are here concerned with such of these interrogatories which seek the name of the police informant who is referred to in the affidavit submitted to the judge as part of the application for the search warrant in question. The defendants refused to answer those interrogatories which would divulge the name of this informant. Plaintiff filed a motion to compel answer to such interrogatories and a hearing was held in the trial court. The court entered an order requiring the defendants to answer these interrogatories (15(a) and 15(b)), and "that a copy of said answers be supplied forthwith to counsel for plaintiff, for his knowledge and use only." The defendants thereupon filed this application for a writ of prohibition in this court to be directed to the United States District Judge to nullify the order requiring answers to the particular interrogatories.
 
 
 3
 In this application for a writ of prohibition the parties present arguments on the propriety of the remedy generally, the application of the standards for the issuance of such a writ, whether the issue of probable cause for the search warrant can be litigated in this civil action, and the privilege as to the identity of police informants.
 
 
 4
 As to the propriety of the remedy, as well as the merits, we must hold that this presents a proper case for the issuance of the writ.
 
 
 5
 The plaintiff argues that the matter can better be tested on appeal along with other issues which may arise at trial, rather than on this application. However, we must consider the reality of the situation when the informer's name has once been revealed. This is an act which is irreversible on appeal. It does not fit into the usual categories for final orders as defendants argue. Instead it presents a typical circumstance for an application for extraordinary relief.
 
 
 6
 As indicated above, an issue in the damage suit concerns the validity of the search warrant issued by the Colorado State judge and used for the search. More specifically the question is whether or not there was probable cause for the issuance of the warrant. The plaintiff thus seeks in this civil action to show that there was not probable cause. The interrogatories here concerned seek the name and identity of the informant and hence are directed to this issue. The parties will be referred to as plaintiff and defendants as they appear in the damage suit.
 
 
 7
 The issuance of the search warrant was part of the criminal proceedings in the Colorado State court. Application was made to the State judge with an affidavit as to the facts under the procedure provided in the Colorado Constitution and the Colorado Rules of Criminal Procedure. The judge made his judicial determination of probable cause from these facts, and issued the warrant. Hernandez v. People, 153 Colo. 316, 385 P.2d 996, and Wilson v. People, 156 Colo. 243, 398 P.2d 35. This was implicit in the issuance of the writ. The Colorado Supreme Court in Hernandez, following a discussion of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L. Ed.2d 1081, said:
 
 
 8
 "The determination of whether probable cause exists is a judicial function to be performed by the issuing magistrate, * * * and is not a matter to be left to the discretion of a police officer."
 
 
 9
 Under the Colorado rules and practice the validity of the warrant, and a search made on the authority of the warrant, may be challenged by the usual motion to suppress the evidence seized in the search. This challenge is provided as part of the criminal proceedings. Bean v. People, 436 P.2d 678 (Colo.). The affidavit submitted as part of the application for the warrant may be so tested. The search may also be tested by objections at trial to the admission of the evidence and upon a motion for new trial. The standards are described in the Bean case above cited.
 
 
 10
 It is obvious that the use at trial of objects seized at a search have a significant bearing on the course of the trial which may follow. Thus the availability of the challenges to the search is always important, and was a very important factor in any consideration of the defense of the plaintiff here to the criminal charge to which he entered a plea of guilty. The validity of the search warrant specifically was a matter fundamental to the use of these procedural steps which were a part of the criminal proceedings plaintiff was well into at the time of his arraignment. We must consider what became of this issue when the plaintiff entered a plea of guilty to the criminal charge.
 
 
 11
 The application of issue preclusion does not frequently arise in a civil suit following a criminal action, except perhaps its variations in antitrust litigation. See Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 71 S. Ct. 408, 95 L.Ed. 534. The federal courts which have considered the issue have applied the doctrine without rigid adherence to the restrictions which could be derived from its origin. The authors of Preclusion/Res Judicata Variables in 19 Vanderbilt L.Rev. 683 trace the development of the doctrine in some detail. The concept is applicable to a variety of circumstances including the search issue now before us.
 
 
 12
 In Kauffman v. Moss, 420 F.2d 1270 (3d Cir.), for example, the Third Circuit considered the issue in a civil rights case asserting conspiracy to secure a conviction by the use of perjured testimony. The plaintiff there had been tried and found guilty on a burglary and larceny charge. The court there said:
 
 
 13
 "The standard for determining if litigation of a question in a civil suit is barred by a prior criminal trial is whether the question was `"distinctly put in issue and directly determined" in the criminal prosecution. * * * In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment.' Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951). * * *"
 
 
 14
 In Basista v. Weir, 340 F.2d 74 (3d Cir.), the same court had theretofore considered the issue, recognized the application of the doctrine, but found the record before it to be incomplete.
 
 
 15
 The trial courts have had frequent occasion to consider the issue. In United States v. Ben Grunstein & Sons Co., 127 F.Supp. 907 (D.N.J.), the district court examined the effect in a civil suit by the United States of the entry of a guilty plea to a criminal indictment for bribery and conspiracy to present false claims. The judge applied the doctrine of issue preclusion. The parties there were the same in both cases, and the cases were much more closely related or connected as to issues and proof than the one before us here. The judge here held that it made no difference whether there was a conviction after trial or a plea of guilty, citing Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 71 S.Ct. 408. The issues in the criminal action and the civil action were also very closely related in the case of United States v. Schneider, 139 F.Supp. 826 (S.D.N.Y.), where the judge said:
 
 
 16
 "Relitigation in a civil action of an issue determined adversely to the defendant in a prior criminal proceeding is foreclosed, whether the prior determination was based on the verdict of a jury [citing cases], or on a plea of guilty. [Citing cases]. Indeed, where the prior conviction resulted from a plea of guilty there would appear to be greater warrant for application of the doctrine since the defendant has admitted the truth of the charges contained in the indictment."
 
 
 17
 See also, O'Neill v. United States, 198 F.Supp. 367 (E.D.N.Y.).
 
 
 18
 In United States v. Accardo, 113 F. Supp. 783 (D.N.J.), affirmed and adopted in 208 F.2d 632 (3d Cir.), the question was given extensive consideration where a plea of guilty to a felony was applied by estoppel in a proceeding to revoke defendant's naturalization. The parties were there again the same. See also, Local 167 of Int'l Bhd. of Teamsters, etc. v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804; Sell v. United States, 336 F.2d 467 (10th Cir.).
 
 
 19
 In Palma v. Powers, 295 F.Supp. 924 (N.D.Ill.E.D.), the trial court considered the effect of a conviction on a State gambling charge upon a federal civil rights action brought against police officers and a telephone company alleging a conspiracy to terminate plaintiff's telephone service. The issue in the civil action centered around the question whether the telephone had been used for illegal purposes. The defendants pointed to the gambling conviction of one of the plaintiffs as proof of this. The court applied the doctrine of issue preclusion, examined the record in the criminal action, and found the issue of illegal use of the telephones was litigated in the criminal action and would not be relitigated. As to the legality of the search (evidence obtained thereby was admitted in the criminal action), the court noted that the issue was not controverted at trial and the items were admitted. The judge found the fact that the matter was not contested, while other matters were, was of significance. The matter of the search was of great importance, the court found that the opportunity presented to challenge was not taken, and there was no reason to litigate the matter again. The judge said:
 
 
 20
 "An encore in a second court is needless where, as here, the litigant is afforded an avenue for relief from an erroneous or unjust decision in the first court by appeal or some other appropriate means of reexamination."
 
 
 21
 See also, Pinkus v. Arnebergh, 258 F. Supp. 996 (C.D.Cal.), where a civil rights action followed a conviction under State obscenity laws and the issue as to the obscene nature of two films was precluded in the civil action.
 
 
 22
 It would seem unnecessary to discuss at length the effect of a plea of guilty as applied to the issue before us, other than to note a wider application of the preclusion rule to prior criminal cases where a guilty plea has been entered than to those actually tried. It is sufficient to note that such a plea is conclusive as to all but jurisdictional issues. The most frequently cited cases on this point are Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L. Ed. 1009; United States v. Doyle, 348 F.2d 715 (2d Cir.), where a Sixth Amendment issue was considered; Edwards v. United States, 103 U.S.App.D. C. 152, 256 F.2d 707, "issues known and unknown"; and Woodring v. United States, 248 F.2d 166 (8th Cir.).
 
 
 23
 Thus an application of issue preclusion prevents the relitigation in this suit of the validity of the search warrant issued by the State court. Since the validity or probable cause issue cannot be relitigated in this civil case, the interrogatories seeking the identity of the police informant can have no use at trial or in preparation for trial. This is probably sufficient in itself to grant the writ, but in view of the presentation of the case by the parties, the privilege against revealing the identity of informers should also be considered.
 
 
 24
 The Supreme Court in McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, sets out the standards to be applied, and when this is done in the circumstances before us the privilege must be recognized. The Court in McCray considered an Illinois narcotics conviction following a warrantless arrest and search. It said:
 
 
 25
 "In sum, the Court in the exercise of its power to formulate evidentiary rules for federal criminal cases has consistently declined to hold that an informer's identity need always be disclosed in a federal criminal trial, let alone in a preliminary hearing to determine probable cause for an arrest or search."
 
 
 26
 By reason of the origin of the case, the privilege issue was considered on a constitutional basis. The Court held that the name of the informer did not have to be revealed, and the testimony and cross-examination of the officers was sufficient. The Court considered Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, where it exercised its supervisory jurisdiction in setting the standards. The case before us falls somewhere in between the cited cases as the issue arises in a federal civil damage action seeking to collaterally attack the State court proceedings; however, we see no reason why the result would be otherwise than set forth in McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056.
 
 
 27
 It appears that the objections by the defendants to the interrogatories may have been late. The trial court disposed of the issues relating to the answers and objections without reference to this matter, as it properly could do, and we do the same.
 
 
 28
 The writ will issue.
 
 
 29
 HOLLOWAY, Circuit Judge (concurring in the result):
 
 
 30
 I concur in the judgment and the holding of the majority that the writ must issue to protect the privilege against disclosure of the identity of the confidential informer. To me the compelling considerations on the privilege are a sufficient basis for relief and I cannot agree that the principles of collateral estoppel apply under Federal or Colorado law on the record before us.
 
 
 31
 To me the limitations on collateral estoppel prevent its application here. "It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding." Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568, 71 S.Ct. 408, 414.[1] The Colorado conviction of respondent Schoengarth on his plea of guilty may work such an estoppel as to issues essential to that conviction. However, the validity of the antecedent search is not shown on our record to have been such an issue essential to the conviction, see Kauffman v. Moss, 420 F.2d 1270, 1275 (3d Cir.), and the validity of the search was not litigated in the Colorado criminal case.[2] The fact that Schoengarth might have fought the case, and might have challenged the search by motion or objections and did not do so, does not without more suffice to bring the estoppel to bear here.
 
 
 32
 "In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined." Cromwell v. County of Sac, 94 U.S. 351, 353, 24 L.Ed. 195. Where collateral estoppel is applied from a criminal conviction to a subsequent civil case the Court observes the same limitations. In Emich Motors Corp. v. General Motors Corp., supra, 340 U.S. at 569, 71 S.Ct. at 414, the Court stated:
 
 
 33
 "Such estoppel extends only to questions `distinctly put in issue and directly determined' in the criminal prosecution. See Frank v. Mangum, supra, 237 U.S. [309] at page 334, 35 S.Ct. [582] at page 590 [59 L.Ed. 969]; United States v. Meyerson, D. C.S.D.N.Y.1928, 24 F.2d 855, 856 (S. D.N.Y.). In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment."
 
 
 34
 On the basis of the Emich case this Court has observed the same limitations. See Sell v. United States, 336 F.2d 467, 474-475 (10th Cir.). See also Kauffman v. Moss, supra, 420 F.2d at 1274-1275, and cases there cited. The Colorado Court follows the same principles springing from the Cromwell case. See Benson v. Bottger, 143 Colo. 579, 354 P.2d 601, 605; and Grand Valley Irrigation Co. v. Fruita Imp. Co., 86 P. 324, 330.[3] And in the case of a guilty plea collateral estoppel may apply by examining the record as to the offense charged and the determinations "essential to a conviction." See United States v. Schneider, 139 F.Supp. 826, 830 (S.D. N.Y.).
 
 
 35
 While the limitations on collateral estoppel have been relaxed in some instances, it seems to me that the Supreme Court and the Colorado Court have not pointed the way toward its application as made here. For these reasons I feel that collateral estoppel — with its conclusive impact on some of the claims alleged in the civil case — does not apply on the basis of the record before us.
 
 
 
 Notes:
 
 
 [1]
 Because I feel that basic requirements concerning the issues covered by collateral estoppel are not met I do not reach the question of the limitations as to parties bound by the estoppel
 
 
 [2]
 The majority opinion refers to the judicial determination of probable cause implicit in the issuance of the warrant. Theex parte determination is not, of course, conclusive of the validity of the search which may be challenged later in the criminal case, as the opinion recognizes. See Hernandez v. People, 385 P.2d 996 (Colo.). Thus, the application of collateral estoppel must rest on the defendant's failure to so challenge the validity of the search and the theory of "issue preclusion." The record before us shows no more and does not establish a factual basis for a waiver such as discussed in Palma v. Powers, 295 F. Supp. 924, 936-937 (N.D.Ill.)
 
 
 [3]
 I believe we need not explore the question of whether Federal or Colorado law applies in determining the effect of the Colorado judgment in this federal suit on a federally created cause of action, since the principles are the same in the decisions