### REFRIGERATED FOOD LINE, INC.,
**Appellee,**

v.

### REPUBLIC INDUSTRIES, INC., et al.,
**Appellants.**

**No. 71–1485.**

United States Court of Appeals,
Eighth Circuit.

Nov. 1, 1971.

Rodger J. Walsh, Kansas City, Mo., on brief for appellants.

No brief was filed by counsel for appellee.

---

Before HEANEY, BRIGHT, and ROSS, Circuit Judges.

PER CURIAM.

This case is before us on a Rule 8 motion to dismiss the appeal of Republic Industries, Inc., et al from an order, entered in the District Court, denying their motion to dismiss Refrigerated Food Line's action for damages and other relief under the Sherman and Clayton Antitrust Acts.

The Rule 8 motion to dismiss is premised upon three grounds:

1) the appellants have failed to give security for costs as required by Rule 7, F.R.A.P.

2) the order appealed from is not a final order within the meaning of 28 U.S.C. § 1291; thus our Court lacks jurisdiction.

3) the order appealed from is not an interlocutory order from which an appeal may be taken as of right under 28 U.S.C. § 1292(a); and further, a permissive appeal is not allowable under § 1292(b) because the procedures required by that section have not been followed.

The appellants have substantially complied with Rule 7, F.R.A.P. Thus, the appellee's first contention is without merit.

■ As to the second contention, it is clear that the order appealed from is not a final order from which an appeal will lie. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); Atlantic Fishermen's Union v. United States, 195 F.2d 1021 (1st Cir. 1952). See also, Gulf States Paper Corp. v. Johnson, 269 F.2d 835 (6th Cir. 1959); Connell v. Dulien Steel Products, 240 F. 2d 414 (5th Cir. 1957).

■ Appellants, advisedly, do not contend that the appeal falls within the class of orders from which an appeal is allowed as a matter of right under § 1292(a). They have not, however, met the requirements for the allowance of permissive appeals set forth in § 1292(b), in that the District Court did not certify that an immediate appeal was desirable, and in that the appellants did not apply to this Court for permission to appeal. See Hodgson v. United States Slicing Mach. Co., 370 F.2d 565 (3rd Cir. 1967).

The appellants' sole argument in opposition to the Rule 8 motion to dismiss is that an appellate court always has a duty to determine whether the District Court has jurisdiction. They rely upon Baker v. Riss & Co., 444 F.2d 257 (8th Cir. 1971), which is totally inapplicable to this situation.

■ The appeal was docketed in this Court on August 26, 1971. Appellee's Rule 8 motion to dismiss should have been filed within 15 days thereafter. It was not filed until October 1, 1971. No explanation is offered for this delay. In the meantime, the appellants filed a printed appendix on September 23, 1971. In view of this situation, costs in this Court shall be taxed one-half to each party.

The Rule 8 motion to dismiss the appeal is granted.