**UNITED STATES of America**

v.

**Charles ANDERSON.**
**George W. Johnson, Jr., and Alberta Anderson, Witnesses, Appellants.**

**No. 24317.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 17, 1972.

Decided June 21, 1972.

Mr. Charles A. Brady, New York City, for appellants. Mr. Melvin M. Burton, Jr., Washington, D. C., was on the brief for appellants.

Mr. John M. Brant, Atty., Tax Div., Dept. of Justice, of the bar the Supreme Court of New Hampshire, pro hac vice, by special leave of Court, for appellee. Mr. Johnnie M. Walters, Asst. Atty. Gen. at the time the brief was filed, Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, Crombie J. D. Garrett and John P. Burke, Attys., Tax Div., Dept. of Justice, were on the brief, for appellee. Mr. Lee A. Jackson, Atty., Tax Div., Dept. of Justice, also entered an appearance for appellee.

Before BAZELON, Chief Judge, SIMON E. SOBELOFF, * Senior Circuit Judge for the Fourth Circuit, and McGOWAN, Circuit Judge.

SOBELOFF, Senior Circuit Judge:

At what stage of the litigation may a non-party witness have review of a district court order requiring him to testify over his objection that his answers may be self-incriminatory? We hold that an order compelling the testimony of a non-party witness is interlocutory and not appealable under 28 U.S.C. § 1291. Appellate review of the decision is available only by an appeal from a subsequent order of the district court adjudging the recalcitrant witness in contempt.

■ Appellants George Johnson and Alberta Anderson noted an appeal from the District Court's order overruling their objections to a pre-trial examiner's recommendation that they be compelled to answer certain questions in a deposition.[1] Appellants are not under

---

* Sitting by designation pursuant to Title 28, U.S.C. § 294(d) (1970).

1. By way of background, Charles Anderson, George Johnson, and Alberta Anderson (Charles' sister) were arrested at the Loudon County, Virginia, farm of Othello Washington in a raid conducted by Internal Revenue agents on May 2, 1961. The agents seized gambling paraphernalia

on the location. As a result of that raid, Charles Anderson was charged and found guilty of failing to pay the $50 gambling occupation tax. Johnson and Alberta Anderson were never charged with any crime.

In 1967 the Government sought to collect from Charles Anderson in a civil action, the unpaid wagering occupational tax for the fiscal year ending June 30, 1961 and also unpaid excise taxes on

citation for contempt in refusing to answer the questions and no further action to enforce the District Court's order has been instituted.

The Government has moved to dismiss the appeal on the ground that it is not taken from a "final order" of the District Court as required by 28 U.S.C. § 1291. Appellants argue that a ruling requiring them to risk civil and criminal contempt in order to raise their Fifth Amendment claims places an intolerable burden on their assertion of the privilege. An argument of this nature has been accepted by the Tenth Circuit Court of Appeals in Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 (10th Cir.), cert. denied, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965) (dealing with a refusal to disclose trade secrets). But the greater weight of authority favors the Government's position.

In Alexander v. United States, 201 U. S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906), the trial court had directed witnesses to produce documents in compliance with a subpoena *duces tecum* and to answer questions propounded by the Government in an anti-trust suit. The witnesses, claiming that the information called for was irrelevant to the underlying suit and was, moreover, self-incriminatory, sought immediate review of the order. The Supreme Court held that review was unavailable at that point. The Court declared:

> Let the court go farther, and punish the witness for contempt of its order, —then arrives a right of review; and this is adequate for his protection

without unduly impeding the progress of the case. * * * This power to punish being exercised, the matter becomes personal to the witness and a judgment as to him. Prior to that the proceedings are interlocutory in the original suit. 201 U.S. at 121–122, 26 S.Ct. at 358.

Just last term, in United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971), the Court unanimously reaffirmed its *Alexander* holding. There it was decided that an order denying a witness' motion to quash a grand jury subpoena *duces tecum* was not appealable under either 28 U.S.C. § 1291 or § 1292(a) (1).

> If, as [Appellant] claims, the subpoena is unduly burdensome or otherwise unlawful, he may refuse to comply and litigate those questions in the event that contempt or similar proceedings are brought against him. Should his contentions be rejected at that time by the trial court, they will then be ripe for appellate review.

402 U.S. at 532, 91 S.Ct. at 1582. (Footnote omitted.)

*See also* Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1939); In Matter of Bova v. United States, 460 F.2d 404 (2d Cir., decided April 28, 1972); Carr v. Monroe Mfg. Co., 431 F.2d 384, 387 (5th Cir.1970), cert. denied, sub nom. Aldridge v. Carr, 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451 (1971) (dictum); Lampman v. United States District Court, 418 F.2d 215 (9th Cir.1969), cert. denied, 397 U. S. 919, 90 S.Ct. 926, 25 L.Ed.2d 100-

wagers for the period June 1, 1960 to May 2, 1961. Charles Anderson denied participation in gambling activities, and stated that he was at the farm in Loudon County on the day of the raid only to "look for some horses." To rebut Charles Anderson's assertion of innocence, the Government sought to call George Johnson and Alberta Anderson as witnesses.

At their pre-trial depositions, both appellants asserted that answering questions posed to them concerning whether they were arrested with Anderson on the farm

on May 2, 1961, and their knowledge of Anderson's business activities during the relevant period would tend to incriminate them or serve as a link in a chain of evidence leading to criminal charges against them. The Government moved to compel answers to the questions and a pre-trial examiner recommended that the Government's motion be granted. Appellants took exception to the pre-trial examiner's recommendation. The District Court overruled the exceptions and sustained the Government's position. This appeal followed.

(1970), rehearing denied, 397 U.S. 1003, 90 S.Ct. 1116, 25 L.Ed.2d 416 (1970); Borden Co. v. Sylk, 410 F.2d 843 (3d Cir.1969) (specifically rejecting the Tenth Circuit's holding in *Covey Oil*); United States v. Fried, 386 F.2d 691 (2d Cir.1967) (likewise rejecting *Covey Oil*); In re Buckey, 395 F.2d 385 (6th Cir.1968); 9 Moore's Federal Practice ¶ 110.13[2].

The concern expressed by the *Covey Oil* court[2] that "non-party witnesses should not be required to expose themselves to the hazard of punishment in order to obtain a determination of their claimed rights" is commendable. However, the degree to which a non-party witness' privilege must be subordinated to the congressional and judicial policy of efficient litigation as expressed in § 1291 has already been determined by the Supreme Court.[3] Since the Court declined in United States v. Ryan, *supra,* to retreat from its rulings in *Alexander,* it is not for us to reweigh the balance struck by the decided cases.[4]

The witnesses here are entitled to immediate appellate review if they are adjudged in civil or criminal contempt for refusing to testify. Therefore, they may not attack the discovery order except by appeal from a judgment of contempt.

█ It is unfortunate that our ruling requires the witnesses to return to the District Court and again refuse to testify before the merits of their claims can properly be brought before our court. Were it merely a matter of practical administration of our dockets, we might well consider at this juncture the economy of judicial time achievable by deciding the Fifth Amendment claims, already briefed and argued in this appeal. Section 1291, however, is a jurisdictional statute and a defect in jurisdiction cannot be ignored. *See* Alexander v. United States, *supra,* 201 U.S. at 122, 26 S.Ct. 356.

This court, lacking jurisdiction, must dismiss the appeal.

It is so ordered.

---

2. 340 F.2d at 996–997.

3. *See* Cobbledick v. United States, *supra.*
  The potentially drastic effect of *Covey Oil* on appellate dockets was emphasized by both the Second and Third Circuits in their refusal to follow the Tenth Circuit's rule. As Judge Aldisert of the Third Circuit stated:
  Every interlocutory order involves, to some degree, a potential loss. That risk, however, must be balanced against the need for efficient federal judicial administration as evidenced by the Congressional prohibition of piecemeal appellate litigation. To accept the appellant's view is to invite the inundation of appellate dockets with what have heretofore been regarded as nonappealable matters. It would constitute the courts of appeals as second-stage motion courts reviewing pretrial applications of all non-party witnesses alleging some damage because of the litigation.
  Borden Co. v. Sylk, 410 F.2d at 846.

4. But for the unanimous Supreme Court decisions in *Alexander, Cobbledick,* and *Ryan,* we might be tempted to carve out an exception to the general rule for those claiming privilege on the ground of "self-incrimination." The recent cases requiring a witness to put his "sincerity to the test of having to risk a contempt citation as a condition to appeal," United States v. Fried, 386 F.2d 691, 695 (2d Cir. 1967) (Friendly, J.), dealt with various asserted hardships and the trade secrets or attorney-client privileges. Our case, on the other hand, concerns a fundamental constitutional liberty enshrined in the Bill of Rights. We are reluctant to subordinate the assertion of that privilege to considerations of judicial economy. We do so because the Supreme Court in *Alexander* also was faced with a claim of privilege against self-incrimination and the Court has not wavered from its holding there.