**416**

Frank J. DUFFY, Petitioner,

v.

Honorable Richard A. DIER, United States District Judge for the District of Nebraska, and United States of America, Respondents.

NORTHERN NATURAL GAS COMPANY, a Corporation, Petitioner,

v.

Honorable Richard A. DIER, United States District Judge for the District of Nebraska, and United States of America, Respondents.

Nos. 72–1451, 72–1452.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 7, 1972.

Decided Aug. 17, 1972.

James W. R. Brown, Omaha, Neb., for petitioners.

Sidney M. Glazer, Atty., Dept. of Justice, Washington, D. C., for respondents.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

Petitioners Frank J. Duffy and Northern Natural Gas Company seek a writ of mandamus against the Honorable Richard A. Dier, United States District Judge, District of Nebraska, to vacate an order requiring Duffy to answer certain questions and produce certain documents before a Grand Jury convened in Omaha, Nebraska. Duffy is designated as Senior Attorney employed as house counsel for Northern Natural Gas in Omaha. Pursuant to his employment as counsel Duffy made an investigation concerning alleged acts of criminal misconduct by one or more employees of Northern Natural Gas Company in connection with the construction of a pipeline in Chicago, Illinois. Duffy voluntarily appeared before the Grand Jury on July 21, 1972. The government propounded to Duffy certain questions seeking the names of any informants and information obtained from these informants. The government also issued a subpoena duces tecum for Northern Natural to produce, inter alia:

> "Memoranda reflecting interview with informants, reports, correspondence sent and received, affidavits and statements of informants, other documents prepared and compiled in connection with an investigation conducted by Frank Duffy and other personnel of company with respect to payments of money channeled through Rochester, Goodell, Moldovan & Spain Engineers, Inc. in connection with the construction and the acquisition of premises and rights of way for the construction of the so-called 'Eight Inch Chicago Pipeline.'"

Duffy refused to answer any questions or to produce the above documents on the ground that such information is protected either under the attorney-client privilege or its production would violate the "work product" of Duffy acting as an attorney on Northern's behalf.

On the same morning that Duffy refused to answer and while the Grand Jury was still in session Judge Dier heard arguments on the matter and ordered Duffy to testify as to all matters not otherwise protected within the traditional attorney-client privilege. His oral order was later embodied in a written order which reads in part as follows:

> "Witness, Frank J. Duffy, must answer responsively before the Grand Jury any and all questions relating to the identity of informants contacted by him and information furnished by such informants with respect to matters under inquiry by the Grand Jury, and other details of his activity as an investigator."

Duffy and Northern Natural immediately filed a notice of appeal and alternatively sought a writ of mandamus. This court dismissed the appeal as being interlocutory on July 27, 1972. See United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940).[1] We set an immediate hearing before a three-judge panel on the petition for mandamus. Upon review of all of the proceedings, the nature of the order and the authorities cited, we deny issuance of the writ. We find that the issuance of the writ would be inappropriate in the present case.

A writ of mandamus should issue only in extraordinary proceedings. Will v. United States, 389 U.S. 90, 107, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); Ex parte Fahey, 332 U.S. 258, 260, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947). It should not be used as a substitute for interlocutory appeal. Ex parte Fahey, supra; Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed.

---

1. Recent courts have consistently held that challenges (involving Fifth Amendment privileges) to orders compelling witnesses to testify before grand juries must await appellate review following a contempt citation. United States v. Anderson, 464 F.2d

1390 (D.C.Cir.1972); In re Grand Jury Proceedings, Harrisburg, Pennsylvania, 450 F.2d 199, 201 (3 Cir. 1971); cf. United States v. Fried, 386 F.2d 691, 695 (2 Cir. 1967).

1185 (1943). This is especially true in criminal cases. See Will v. United States, supra. A writ should be issued only where the court has usurped its power or abused its discretion. Schlagenhauf v. Holder, 379 U.S. 104, 110, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953).

■ The court clearly had the power to order disclosure of the names of the informants Duffy interviewed. Cf. Edgar v. Finley, 312 F.2d 533, 535–536 (8 Cir. 1963); McCall v. Overseas Tankship Corporation, 16 F.R.D. 467 (S.D.N.Y. 1954); 4 Moore, Federal Practice, § 26.57[2] at 26–202 (2d ed. 1971); Wright and Miller, Federal Practice and Procedure: Civil § 2013, at 105 (1970). Beyond this the record is actually silent as to what specific files, documents or memoranda the petitioner seeks to protect or the circumstances under which any such records were obtained. In this sense it is argued that the district court's order is overly broad. We must agree. However, this alone does not justify this court to issue a writ of mandamus when the record fails to demonstrate the specific circumstances under which the attorney-client privilege or the work product rule may or may not apply. Petitioners have the burden to demonstrate that such information is protected and that the right to issuance of the writ is "clear and indisputable." Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 (1953). Without specific facts we are faced with an overly broad objection which may or may not apply to an overly broad order. As the Supreme Court emphasized in *Will*, the issuance of mandamus must be accompanied by "findings of fact by the issuing court and some statement of the court's legal reasoning." Will v. United States, 389 U.S. 90, 107, 88 S.Ct. 269, 280, 19 L.Ed. 2d 305 (1967). Such findings and conclusions cannot be made upon the basis of the present cryptic record and to that extent mandamus is not a proper remedy. See Thornton v. Corcoran, 132 U.S. App.D.C. 232, 407 F.2d 695, 698 (1969).[2]

For the reasons discussed the writ of mandamus is denied.[3]

2. We sense that much of the inadequacy of the record is born from Duffy's refusal to disclose the informants' names. Assuming Duffy will now disclose the informants' names, then a specific record can be made as to whether any informants are in fact corporate employees as to whom the attorney-client privilege might possibly apply (cf. Harper & Row Publishers, Inc. v. Decker, 423 F.2d 487 (7 Cir. 1970), aff'd by an equally divided Court, 400 U.S. 348, 91 S.Ct. 479, 27 L.Ed.2d 433 (1971). Additionally, if they are not corporate employees the district court will then specifically have an opportunity to determine whether the information is part of the attorney's work product, whether the work product rule is applicable to the proceedings involved, and if so, whether the government has established good cause to obtain the information from the attorney's files. See Hickman v. Taylor, 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947), where the Court observed:

"Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney.

"Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." The district court indicated that it felt the attorney's files were subject to disclosure since he was acting as an investigator. This observation has little relevance if in fact the information was gathered by Duffy from other employees as an attorney. Nor would it have any bearing on the issue of "good cause" assuming the work product rule applies. See Harper & Row Publishers, Inc. v. Decker, 423 F.2d at 492.

3. The government urges that there may be a statute of limitations problem to obtain indictments. However, they deny that this factor is sufficient for this court to consider this matter as "extraordinary" to justify the issuance of the extraordinary writ.