**Tom J. GIALDE, Appellee,**

v.

**TIME, INC., Appellant.**

**TIME, INC., Petitioner,**

v.

**Honorable John W. OLIVER, Judge of the United States District Court for the Western District of Missouri, Respondent.**

**Nos. 72–1776, 73–1030.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1973.

Decided June 20, 1973.

---

Heaney, Circuit Judge, concurred in part and dissented in part and filed opinion.

Harold R. Medina, Jr., Cravath, Swaine & Moore, New York City, for Time, Inc.

Joseph Schlozman, Schlozman & De-Feo, Kansas City, Mo., for Gialde.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge and VAN SICKLE, District Judge.*

VAN OOSTERHOUT, Senior Circuit Judge.

This is an action by plaintiff Tom J. Gialde against Time, Inc., for actual and punitive damages based upon an article and photograph which appeared in the June 12, 1970, issue of Life Magazine published by Time showing plaintiff as a member of a golfing group at Ocean Springs, Mississippi. The article, which was published with the photograph, referred without naming plaintiff to eighteen individuals pictured therein as "four of Kansas City's leading Mafiosi and their golfing associates."

Plaintiff's action is based upon invasion of his right of privacy both on a "false light" and "disclosure of private facts" theory. In a separate count, liability is predicated on libel.

This appeal is from an order of the trial court dated November 29, 1972, which overruled Time's motion for summary judgment and granted plaintiff's motion to compel Denny Walsh, a Life investigator, to disclose the source of his information verifying the truth of certain portions of the published article. The order in pertinent part reads:

"Ordered that defendant's motion for summary judgment should be and the same is hereby denied. It is further

"Ordered that plaintiffs' motion to compel answers should be and the same is hereby granted. It is further

"Ordered that within ten (10) days, the parties prepare, serve, and file their respective suggestions in regard to:

(a) Why both of the above entitled causes should not be consolidated for trial pursuant to Rule 42(a); and

(b) Assuming that consolidation is proper, what additional discovery, if any, either party desires before the consolidated cases be set for trial. The parties shall confer and advise each other as to their views

---

* Sitting by designation.

concerning the completion of the deposition of Denny Walsh. It is further

"Ordered that the Court has fully considered the question frequently discussed at various pretrial conferences as to whether a certification should be made to the Court of Appeals pursuant to Section 1292(b), Title 28, United States Code of the questions presented by the pending motions.

"We have concluded that such certification would not be proper under the circumstances of this case. We simply are unable to convince ourselves that an immediate appeal would materially advance the ultimate termination of this litigation. The ultimate termination of this litigation, in our judgment, will be advanced most rapidly by a consolidated trial on the merits of both cases." [1]

Notice of appeal from such order, served and filed on December 7, 1972, reads:

"Notice is hereby given that defendant hereby appeals pursuant to Section 1291 of Title 28 of the United States Code to the United States Court of Appeals for the Eighth Circuit from the decision and order of this Court filed and entered in this action on November 20, 1972, which decision and order required answers by defendant and by Denny Walsh identifying the person who supplied information to Walsh for use in connection with the preparation and publication of the article with respect to which this action has been instituted, denied defendant's motion for summary judgment, and denied defendant's application for certification pursuant to Section 1292(b) of Title 28 of the United States Code."

Plaintiff filed motion to dismiss the appeal for lack of jurisdiction on January 9, 1973, with supporting memorandum. Such motion to dismiss is resisted by defendant.

Defendant on January 9, 1973, filed petition for writ of mandamus pursuant to 28 U.S.C. § 1651 and Rule 21, F.R.A. P. In substance, defendant seeks an order requiring the trial court to vacate its opinion and order of November 20, 1972, and to grant defendant's motion for summary judgment. Defendant states that its petition is filed as an alternate to its appeal and that if this court determines that it has no jurisdiction to entertain the appeal, it grant defendant relief on its petition for writ for the reasons urged in its brief on appeal.

This court by order filed January 17, 1973, consolidated the mandamus action, No. 73–1030, with case No. 72–1776 pending on appeal; ordered that the motion to dismiss the appeal in No. 72–1776 for lack of jurisdiction be submitted with the appeal on the merits, and further ordered that pursuant to Rule 21, F.R.A.P., respondent Honorable John W. Oliver file answer to the mandamus petition and supporting brief by February 12, 1973, and for service of the mandamus petition and the order thereon.

Plaintiff Gialde filed answer to the petition denying defendant was entitled to the relief sought. The appeal in case No. 72–1776, the motion to dismiss the appeal and the petition for a writ in case No. 73–1030 were all pursuant to prior order argued and submitted on March 14, 1973.

The threshold issue for our determination of defendant's appeal in case No. 72–1776 is whether this court has appellate jurisdiction to consider the appeal. We dismiss the appeal in No. 72–1776 for lack of appellate jurisdiction.

■ Courts of appeal have only such jurisdiction as is conferred upon them by Congress. Twenty-eight U.S.C. § 1291 is the statute governing this appeal and appeals generally. Transportation-Com. Div. v. St. Louis-San Francisco Ry., 419 F.2d 933 (8th Cir. 1969);

1. The consolidation proposed in the order is with case No. 20352–1, Anthony J. Giambrone, et al., v. Time, Inc. The consolidation issue is not involved in this appeal.

Bohms v. Gardner, 381 F.2d 283, 285 (8th Cir. 1967); Pauls v. Secretary of Air Force, 457 F.2d 294, 297–298 (1st Cir. 1972).

Certain exceptions exist such as those found in 28 U.S.C. § 1292 and Rule 54(b), Fed.R.Civ.P., none of which are here applicable.

■ Section 1291 gives Courts of Appeal jurisdiction of "appeals from all final decisions of the district courts of the United States." A final decision generally is one which ends litigation and leaves nothing for the court to do but execute the judgment. Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945); Bohms v. Gardner, *supra.*

■ It is entirely clear that the order here appealed from does not terminate the litigation. The portion of the order denying summary judgment does not end the litigation. It leaves the validity of plaintiff's claim open for trial on the merits, leaving open an appropriate motion for a directed verdict or other relief. Defendant has cited no case which supports its view that an order denying summary judgment is appealable. We have found no such case. There are, however, many cases holding an order denying summary judgment is not a final order and hence not appealable, including the following: Refrigerated Food Line, Inc. v. Republic Industries, Inc., 449 F.2d 756 (8th Cir. 1971); Upper Mississippi Towing Corp. v. West, 338 F.2d 823, 825 (8th Cir. 1964); Alexander v. Pacific Maritime Ass'n, 332 F.2d 266, 268 (9th Cir. 1964); Chappell & Co. v. Frankel, 367 F.2d 197, 199 (2d Cir. 1966).

The order also sustains plaintiff's motion to compel Time employee Walsh to answer certain questions. The motion sets out the questions plaintiff desires to have Walsh answer. Walsh by affidavit and deposition taken in New York where he apparently resides states that he obtained corroboration of the information (obtained by Time from another source) that four named parties shown in the picture were Kansas City Mafia members and that others were associates from an unnamed "federal enforcement man" located at Kansas City, Missouri. Walsh refused to answer questions as to the name of the informer or the government department which employed the informer. Such refusal was based upon a claim that the information was given to him as a reporter in confidence and that the naming of the informer would subject the informer to reprisal by his superiors and likewise subject the informer to reprisal by the parties pictured in the photograph. The trial court order heretofore set out is general and imposes no sanctions or penalties upon Walsh or his employer Time. The order is preliminary, not a final order.

Plaintiff in his brief in support of his motion to dismiss the appeal states that he is unable to locate Walsh for further testimony and that there is a difference of opinion between counsel whether an agreement existed between counsel that Walsh would submit to further questioning if the court ruled he should answer the questions which he refused to answer. A serious question exists under the incomplete record before us whether Walsh as an individual is under any legal obligation to submit to further questioning.[2]

2. Upon the record before us, serious doubt exists whether the Missouri federal court has acquired jurisdiction over Walsh, who is not a party to the action, which would authorize such court to order the answering of the questions. Walsh apparently is a resident of New York where his affidavit was made and his deposition taken. Rule 37(a)(1) provides that application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken. Rule 37

(b)(1) provides that failure to answer a question after being directed to do so by the court in which the deposition is being taken may be considered a contempt of that court. There is considerable doubt under the record whether the Missouri court has authority to order Walsh to appear in Missouri. See Rule 45(d)(2). Such are matters which could possibly be raised in event that an order to show cause were issued on a contempt charge.

■ The general rule appears to be that a preliminary order such as here involved is not a final appealable order. Duffy v. Dier, 465 F.2d 416 (8th Cir. 1972); Childs v. Kaplan, 467 F.2d 628 (8th Cir. 1972); United States v. Anderson, 150 U.S.App.D.C. 336, 464 F.2d 1390 (1972); United States v. Ryan, 402 U.S. 530, 532, 91 S.Ct. 1580, 29 L. Ed.2d 85 (1971); Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L. Ed.2d 783 (1971); Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L. Ed. 686 (1906); Pauls v. Secretary of Air Force, 457 F.2d 294 (1st Cir. 1972); Borden Co. v. Sylk, 410 F.2d 843 (3d Cir. 1969); 9 Moore's Federal Practice ¶ 110.13 [2].

While the Supreme Court cases just cited involve criminal proceedings, we note that § 1291 covers civil as well as criminal cases. We see no reason why the statute as finality should receive a different interpretation in civil cases than in criminal cases. See Childs v. Kaplan, *supra*.

■■ The discovery order here appealed from applies no sanctions. There is no certainty that the defendant will ultimately refuse to answer questions propounded by the court, nor is it established what sanctions, if any, may be applied by the court in event Walsh persists in his refusal. Before contempt can be imposed, due process requires that Walsh be afforded an opportunity to show cause why he should not be adjudged in contempt. The Supreme Court in United States v. Ryan, *supra,* states:

"But compliance is not the only course open to respondent. If, as he claims, the subpoena is unduly burdensome or otherwise unlawful, he may refuse to comply and litigate those questions in the event that contempt or similar proceedings are brought against him. Should his contentions be rejected at that time by the trial court, they will then be ripe for appellate review. . . . Only in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims have we allowed exceptions to this principle." 402 U.S. 530, 532–533, 91 S.Ct. 1580, 1582.

The trial court in the order appealed from has placed no sanctions on defendant Time based on Walsh's refusal to answer questions. What, if any, sanctions can or should be imposed on Time by reason of Walsh's refusal to answer questions propounded remains an open and unadjudicated question.

■ This appeal does not fall within 28 U.S.C. § 1292(b). Under such section an appeal is authorized when the district court certifies that its order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation and the Court of Appeals in its discretion permits an appeal from the order. Here, as shown in the order quoted, the District Court refused to make the required certification and on the contrary, stated that an immediate appeal would not advance the ultimate termination of the litigation. No application has been made to us pursuant to the statute to permit an interlocutory appeal.

Both the required court certification and the consent of the Court of Appeals in the exercise of its discretion to an interlocutory appeal appear to be prerequisites to such an appeal. In denying an appeal under § 1292(b) in Refrigerated Food Line, Inc., 449 F.2d 756, 757 (8th Cir. 1971), we held:

"Appellants, advisedly, do not contend that the appeal falls within the class of orders from which an appeal is allowed as a matter of right under § 1292(a). They have not, however, met the requirements for the allowance of permissive appeals set forth in § 1292(b), in that the District Court did not certify that an immediate appeal was desirable, and in that the appellants did not apply to this Court

for permission to appeal. See Hodgson v. United States Slicing Mach. Co., 370 F.2d 565 (3rd Cir. 1967)."

To like effect see Chappell & Co. v. Frankel, *supra.*

Mr. Justice Blackmun, while a member of this court, in Bohms v. Gardner, *supra,* stated:

"Section 1291 has its origin in § 22 of the Judiciary Act of 1789, 1 Stat. 73, 84. The Supreme Court has observed that by it 'Congress has long expressed a policy against piecemeal appeals.'" 381 F.2d 283, 285 (many supporting cases cited.)

The Third Circuit in Borden v. Sylk, *supra,* in a well-considered opinion with which we agree, has answered plaintiff's contention that an appeal from a discovery order should be allowed upon the basis of cases cited such as Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); Cohen v. Beneficial Loan Corp., 337 U.S. 541 (1949); and Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 (10th Cir. 1965), holding the discovery order appealed from is not a final order which is appealable and concludes, saying:

"Every interlocutory order involves, to some degree, a potential loss. That risk, however, must be balanced against the need for efficient federal judicial administration as evidenced by the Congressional prohibition of piecemeal appellate litigation. To accept the appellant's view is to invite the inundation of appellate dockets with what have heretofore been regarded as non-appealable matters. It would constitute the courts of appeals as second-stage motion courts reviewing pretrial applications of all non-party witnesses alleging some damage because of the litigation.

"To accept the appellant's view is also to invite a geometrical increase in the already unacceptable delay between the date of filing and trial in the metropolitan district courts. The present case, filed over three years ago and now held in abeyance pending the outcome of this appeal, is a splendid example of the Homeric proportions that such litigation can assume. Our overburdened courts have little time or appetite for such protractions." 410 F.2d 843, 846.

See United States v. Fried, 386 F.2d 691, 693–695 (2d Cir. 1967); 9 Moore's Federal Practice ¶ 110.13[2].

The case before us illustrates the wisdom of the general rule limiting appeals to final orders. The appeal attempted here will greatly delay disposition of the case and likely substantially increase the cost of the litigation. Defendant has filed an appendix consisting of 510 printed pages, a printed brief of 57 pages, a printed supplement of 57 pages, a printed reply brief of 15 pages, plus a 19 page supplement. Plaintiff has filed a 53 page brief. In addition, many exhibits have been submitted.

The printing bill on this appeal will be large, as well as attorneys' fees for both parties in preparing and presenting this appeal, and there will likely be transcript costs incurred. There may be merit in plaintiff's contention that appeals such as this from nonfinal orders may be burdensome on many litigants and make the cost of litigation prohibitive for persons of modest means.

The trial judge who has the feel of the case by reason of his long contact therewith has expressed his considered view that an interlocutory appeal would not advance the ultimate termination of this litigation. If the case had proceeded to trial, it likely would have been completed before this time. As well-stated in *Borden, supra,* the consideration of interlocutory appeals in situations not authorized by statute would add greatly to the burden of appellate courts.

We are convinced that the orders appealed from are not final orders and hence we have no jurisdiction to entertain the appeal from the November 20, 1972, order.

We note that defendant has presented an excellent brief on the merits. We do

**1302**

not reach such issues and express no view on the merits of plaintiff's cause of action. Defendant retains the right to assert the errors here raised upon appeal from final judgment.

▮ Plaintiff has filed a motion for imposition of penalties pursuant to Rule 38, F.R.A.P., upon the ground that the appeal is frivolous. We do not consider this appeal to be frivolous and dismiss the motion for penalties.

▮ We now reach Time's petition for relief under 28 U.S.C. § 1651. Mandamus is an extraordinary remedy reserved for extraordinary situations. In Will v. United States, 389 U.S. 90, 88 S. Ct. 269, 19 L.Ed.2d 305 (1967), the Court discussed the limited function of mandamus. In that case, the Government as petitioner sought to strike a discovery order by the trial court. The Court of Appeals granted the writ. The Supreme Court reversed. In the course of the opinion, the Court states: "The preemptory common-law writs are among the most potent weapons in the judicial arsenal. 'As extraordinary remedies, they are reserved for really extraordinary causes.'" 389 U.S. 90, 107, 88 S.Ct. 269, 280.

▮ Defendant relies on its brief in the 72–1776 appeal to support its petition for the writ. Defendant is attempting to use the writ as a substitute for an interlocutory appeal. Nothing is urged in addition to the contentions made on the appeal to support the issuance of the writ. Defendant has failed to meet the burden resting upon it to show extraordinary circumstances which would entitle it to mandamus. The petition for the writ is dismissed.

The appeal in case No. 72–1776 is dismissed for want of appellate jurisdiction. The petition for writ in case No. 73–1030 is denied.

HEANEY, Circuit Judge, (concurring in part and dissenting in part).

I concur in the majority opinion insofar as it holds that the District Court's order denying defendant's motion for summary judgment is not appealable. I would hold, however, that the District Court's order requiring the disclosure of the names of anonymous and confidential news sources is subject to immediate review by mandamus.

In Cervantes v. Time, Inc., 464 F.2d 986 (8th Cir. 1972), cert. denied, 409 U. S. 1125, 93 S.Ct. 939, 35 L.Ed.2d 257 (1973), we held that the use of confidential news sources by the press is protected by the First Amendment—that "to compel a newsman to breach a confidential relationship merely because a libel suit has been filed against him would seem inevitably to lead to an excessive restraint on the scope of legitimate news gathering activity." Id. at 993, n. 10. We stated:

"* * * [T]o routinely grant motions seeking compulsory disclosure of anonymous news sources without first inquiring into the substance of a libel allegation would utterly emasculate the fundamental principles that underlay the line of cases articulating the constitutional restrictions to be engrafted upon the enforcement of State libel laws. * * *"

Id. at 993 (Footnote omitted.).

The disclosure of such sources is appropriate only if the plaintiff makes a "concrete demonstration that the identity of defense news sources will lead to persuasive evidence on the issue of malice." Id. at 994. To this limited extent, our Court has recognized a qualified jounalist privilege under the First Amendment. The defendant argues that the disclosure of the informants' names sought here will substantially impair the rights recognized in Cervantes.

In cases in which comparable information deserving special protection has been ordered disclosed, some courts have deemed the order a "final one," subject to immediate review under 28 U.S.C. § 1291. Fears v. Burris Manufacturing Co., 436 F.2d 1357 (5th Cir. 1971) (government records); Carr v. Monroe Manufacturing Company, 431 F.2d 384 (5th Cir. 1970), cert. denied, 400 U.S. 1000,

91 S.Ct. 456, 27 L.Ed.2d 451 (1971) (government records); Covey Oil Company v. Continental Oil Company, 340 F.2d 993 (10th Cir. 1965) (trade secrets). Other courts, including this one, have held that such orders are subject to immediate appellate review through mandamus or other extraordinary writ. Bristol-Myers Company v. Honorable Miles W. Lord, United States District Judge, etc., et al., Nos. 73–1284, 73–1285 (8th Cir. May 31, 1973) (attorney-client communication);[1] Pfizer, Inc. v. Lord, 456 F.2d 545 (8th Cir. 1972) (attorney-client communication); Metros v. United States District Court for Dist. of Colo., 441 F.2d 313 (10th Cir. 1971) (name of anonymous source for issuance of search warrant); Harper & Row Publishers, Inc. v. Decker, 423 F.2d 487 (7th Cir. 1970), aff'd by an equally divided Court, 400 U.S. 348, 91 S.Ct. 479, 27 L.Ed.2d 433 (1971) (attorney-client communication); United States v. Hemphill, 369 F.2d 539 (4th Cir. 1966) (name of anonymous complainant to Secretary of Labor). But, see International Business Machines Corporation, etc., et al. v. United States of America, 480 F.2d 293 (en banc) (2nd Cir., 1973), rev'g International Business Machines Corp. v. United States, 471 F.2d 507 (2nd Cir. 1972). These opinions either expressly or impliedly reject the notion that an acceptable alternative to immediate appellate review is to hazard a contempt citation and then to seek review if one is found in contempt.

In *Pfizer*, the District Court ordered the disclosure of information allegedly protected by the attorney-client privilege. We held that immediate review was available under mandamus, stating:

" * * * We are persuaded, rather, that the claim of privilege asserted by petitioners involves a 'really extraordinary' question, and we agree with

the following observation from the opinion of the Seventh Circuit Court of Appeals in Harper & Row Publishing Co. v. Decker, 423 F.2d 487, 492 (7th Cir. 1970):

" ' . . . [B]ecause maintenance of the attorney-client privilege up to its proper limits has substantial importance to the administration of justice, and because an appeal after disclosure of the privileged communication is an inadequate remedy, the extraordinary remedy of mandamus is appropriate.'

"That decision was affirmed without opinion by a divided Supreme Court, 400 U.S. 348, 91 S.Ct. 479, 27 L.Ed.2d 433 (1971). *Cf.* Hartley Pen Co. v. United States District Court, 287 F.2d 324 (9th Cir. 1961). Due consideration of all aspects of this discovery order, in light particularly of possible consequences which review on appeal might prove inadequate to remedy impels us to hold that mandamus is an appropriate vehicle for review of the question raised by the present petition."

Pfizer, Inc. v. Lord, *supra*, 456 F.2d at 548.

The present case is an even more compelling one than *Pfizer* for the exercise of our mandamus jurisdiction. First, as in *Pfizer*, appeal after disclosure would not be an adequate remedy to protect the asserted privilege. Disclosure of an informant's name is an irreversible act. Once such disclosure occurs, any subsequent appeal is futile, and the defendant in effect loses the opportunity to present to this Court its assertion that the disclosure violates those First Amendment rights which we recognized in *Cervantes*. And since the anonymous informer has disclosed the names of individuals allegedly involved in organized

---

1. In Bristol-Myers Company v. Honorable Miles W. Lord, United States District Judge, etc., et al., Nos. 73–1284, 73–1285 (8th Cir. May 31, 1973), this Court took jurisdiction under mandamus and denied relief on the merits.

**1304**

criminal activity, there is the risk that he will be subjected to physical violence or other reprisals.

Second, this case involves interests protected by the First Amendment which deserved permanent protection. Immediate review will enable this Court to discharge its responsibility to insure that no greater disclosure of news source is ordered than is essential to protect the plaintiff's interest in the protection of his reputation.

Third, in oral argument before this Court, both parties expressed the opinion that the disclosure of news sources is irrelevant to the present cause of action.[2]

Finally, since the order to disclose sources is addressed to a former employee of the defendant, it would appear that the defendant is powerless to prevent him from disclosing the news sources rather than hazarding being found in contempt. The defendant is unable to choose contempt rather than disclosure and is, thus, " 'powerless to avert the mischief of the order' " unless allowed immediate appellate review. United States v. Doe, 455 F.2d 753, 757 (1st Cir.), vacated sub nom. Gravel v. United States, 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972), quoting from Perlman v. United States, 247 U.S. 7, 13, 38 S.Ct. 417, 62 L.Ed. 950 (1918).

For the foregoing reasons, this Court should exercise its mandamus jurisdiction and reach the merits of the defendant's claim. If we did so, it would be necessary to reverse the District Court's order in view of the concession that the names of the anonymous news sources are irrelevant and in view of the failure of the plaintiff to make a concrete demonstration that the identity of the news sources will lead to persuasive evidence on the issue of malice.

---

**2.** This concession was not made before the District Court.