# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4000

_____

| | | |
|---|---|---|
| In re: Michael Dey; Justin Victoria; | * | On Petition for Writ |
| Jeannemarie Durocher, | * | of Mandamus |
| | * | |
| Petitioners. | * | [UNPUBLISHED] |

_____

Submitted: January 4, 2007
Filed: January 17, 2007

_____

Before MURPHY, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Michael Dey, Justin Victoria, and Jeannemarie Durocher (collectively, petitioners) filed a petition for writ of mandamus seeking an order directing the district court to vacate its orders refusing to quash the trial subpoenas served to petitioners.

In the underlying matter, which is not related to the issues on appeal, a plaintiff sued Wyeth, Inc. and Wyeth Pharmaceuticals, Inc (collectively, Wyeth). The plaintiff subpoenaed the petitioners, who are employees of Wyeth and were served more than 100 miles from the place of the trial. The petitioners filed motions to quash the subpoenas arguing the subpoenas were not properly served pursuant to Federal Rule

of Civil Procedure 45(b)(2).[1] The district court denied petitioners' motions to quash. Petitioners filed a petition for writ of mandamus.

The writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" Cheney v. U.S. Dist. Ct. for the D.C., 542 U.S. 367, 380 (2004) (quoting Ex Parte Fahey, 332 U.S. 258, 259-60 (1947)). "To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek and carry the burden of showing that their right to issuance of the writ is clear and indisputable." Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 309 (1989) (citations, quotation marks, and alterations omitted). Here, assuming *arguendo* petitioners are entitled to relief, petitioners have adequate alternative means to obtain relief because petitioners can refuse to comply with the subpoenas, endure contempt sanctions, if any, and immediately appeal those sanctions. Gialde v. Time, Inc., 480 F.2d 1295, 1300 (8th Cir. 1973) (citing United States v. Ryan, 402 U.S. 530, 532-33 (1971)); see also U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 76 (1988) ("The order finding a nonparty witness in contempt is appealable notwithstanding the absence of a final judgment in the underlying action.").

Accordingly, we deny the petition for a writ of mandamus.

_____

_____

[1]"Subject to [Rule 45(c)(3)(A)(ii)], a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, or inspection specified in the subpoena." Fed. R. Civ. P. 45(b)(2)