Robbie L. CHANEY, Plaintiff,

v.

CITY OF CHILLICOTHE, et al., Defendants.

No. C2–89–974.

United States District Court,
S.D. Ohio, E.D.

Aug. 17, 1990.

Robbie L. Chaney, pro se.

Steven Smith and James Colner, for defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court by virtue of Defendants' motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. On April 23, 1990, the plaintiff, Robbie L. Chaney, filed a memorandum contra to which the defendants filed a reply.

## FACTS

The case is before this Court by a Complaint filed by the plaintiff. In the Complaint the plaintiff alleges jurisdiction under Title 28 U.S.C. § 1331 and claims violations under Title 42 U.S.C. §§ 1981 and 1983.

Most of the facts in this matter are uncontroverted, however, at times the facts are confusing since the defendant in the previous criminal matter is the plaintiff herein. The plaintiff was arrested on August 18, 1988, and charged by indictment with one count of aggravated robbery and two counts of felonious assault. The charges stemmed from an August 17, 1988 robbery of a Burger King restaurant located in Chillicothe, Ohio. The plaintiff was identified as the assailant when witnesses in the restaurant identified him after viewing a series of books containing "mug shots" at the police station. The plaintiff alleges, among other things, that the photographic presentation to the witnesses was prejudicial and suggestive. The plaintiff further alleges that the defendants covered up those portions of his face in the

mug shots that the witnesses were unable to see during the robbery. He claims this was done in order to facilitate the identification of the plaintiff. Furthermore, the plaintiff contends that one witness' declaration of having identified the plaintiff tainted the other witnesses' subsequent identification. Specifically, the plaintiff's complaint provides as follows:

19. After Officer Lowe purposely (sic) re-arrange (sic) Plaintiff's face so that Miss Arledge could make and (sic) identification, and purposely (sic) allowing Miss Buskirk to hear that Miss Arledge had made an identification, and see how he had rearrange (sic) the Plaintiff's face on the picture, he then gives the book back to Miss Buskirk.

(Complaint at 5). It is these actions that Plaintiff contends violated his Constitutional rights to due process, equal protection and a fair trial.

On November 3, 1988, after a two day trial, including extensive discussion on the photographic identification of the plaintiff, he was convicted of aggravated robbery. Plaintiff's motion for judgment of acquittal was overruled.

As previously stated, the Plaintiff filed the instant action claiming a violation of his rights under Title 42 U.S.C. §§ 1981 and 1983 and several Amendments of the Constitution. To these claims the defendants have filed the motion for summary judgment.

## STANDARD OF REVIEW

In considering this motion, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), citing *Brady v. Southern Ry. Co.*, 320 U.S. 476, 479–480, 64 S.Ct. 232, 234–235, 88 L.Ed. 239 (1943). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether

he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." 477 U.S. at 252, 106 S.Ct. at 2512.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. 477 U.S. at 252, 106 S.Ct. at 2512.

Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by their own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (emphasis added). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552.

In *Banks v. Rockwell International N. Am. Aircraft Operations*, 666 F.Supp. 1053 (S.D.Ohio 1987), this District Court, Graham J., enunciated the importance of granting summary judgments in appropriate situations:

"Although summary judgment should be cautiously invoked, it is an integral part

of the Federal Rules which are designed to secure the just, speedy and inexpensive determination of every action." Citing: *Celotex Corp. v. Catrett,* 477 U.S. 317, at 324 [106 S.Ct. 2548, at 2555], (quoting Fed.R.Civ.P. 1) *Anderson,* 477 U.S. 242, at 252 [106 S.Ct. 2505, at 2512].

Thus, the mere existence of a scintilla of evidence in support of a plaintiff's claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. Having discussed the Rule 56 standard of review, the Court now turns to the merits.

### LAW AND ANALYSIS

The plaintiff submits that summary judgment is premature in that he has not had the opportunity to make full discovery. He further advises the Court that "[t]he trial court must act with great caution and may deny Summary Judgment in a case where there is reason to believe that the better course would be to proceed to a full trial. *Kennedy v. Silas Mason Co.,* 334 U.S. 249 [68 S.Ct. 1031, 92 L.Ed. 1347] (1948)." Well, this is clearly a case where the better course of action is to exercise the Court's discretion to grant a Rule 56 motion in order to rid the Court's docket of a case that has no hope of prevailing, and where the issues in the case should have been addressed at the state court.

■ The defendants correctly provide in their motion for summary judgment that an issue litigated at the State Court level is precluded from federal judicial consideration. *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). However, after intensive review of the State Court's Jury Trial transcript, this Court is not convinced that the issues before this Court, to wit: whether the identification procedures utilized were improper, thus denying Chaney his rights to due process, equal protection and a fair trial, were sufficiently addressed to constitute having been "litigated at the State Court." Nonetheless, the record is equally clear that the issue existed in the criminal trial yet the defendant, Chaney failed to raise it. If the issue was raised but the record fails to reflect it, then it is obvious that the State Court did not find that the identification process was tainted since the evidence of identification was not suppressed. In fact, the evidence was admitted without so much as a limiting instruction. If that was the case, then the issue is precluded from relitigation here. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (provides for the doctrine of collateral estoppel or "issue preclusion").

If, on the other hand, the record of proceedings at the trial are complete, then clearly the issue was not sufficiently raised. That then raises the question of whether the failure to raise the issue effectively waives the party's right to raise it in the district court. Neither party in their respective pleadings directly address the question of waiver.

On two separate occasions cases involving, among other things, the waiver of matters not presented before the trial court then subsequently brought as civil matters to the federal courts, were heard by the Supreme Court. In both *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) and *Haring v. Prosise,* 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983) the Supreme Court chose not to address the issue. In a footnote the Court provided, "[S]ince no motion to suppress evidence on Fourth Amendment grounds was ever raised at the State Court proceedings, this case does not present questions as to the scope of collateral estoppel with respect to particular issues that were litigated and decided at a criminal trial in state court. As we did in *Allen v. McCurry,* 449 U.S. 90, 93, n. 2 [101 S.Ct. 411, 414, n. 2, 66 L.Ed.2d 308] (1980), we now leave those questions to another day." *Haring v. Prosise,* 462 U.S. 306, 311, n. 2, 103 S.Ct. 2368, 2372, n. 2, 76 L.Ed.2d 595 (1983).

The circuit courts have split over the issue of waiver. In *Metros v. United States District Court for the District of Colorado,* 441 F.2d 313 (1970), the Court of Appeals for the Tenth Circuit held that a guilty plea must be given preclusive effect in a subsequent civil rights action against

police officers. Other federal courts have concluded, in contrast, that plaintiffs alleging civil rights violations are not barred from litigating, in federal court, issues that could have been raised in prior proceedings in state court. *See, e.g., New Jersey Ed. Assn. v. Burke,* 579 F.2d 764, 772–774 (3rd Cir.1978); *Lombard v. Board of Ed. of City of New York,* 502 F.2d 631, 635–637 (2nd Cir.1974). In the case of *Bower v. O'Hara,* 759 F.2d 1117 (1985), the United States Court of Appeals for the Third Circuit provided a very thorough and compelling argument for denying collateral estoppel in those cases where the issue was not actually litigated at the state court level. *Id.* at 1125–1127. Essentially, that opinion provides that while drafting and revising the Restatement (Second) of Judgments, Professor Allan Vestal urged that the requirement "that the issue must have been actually litigated," for that issue to be precluded from district court review be eliminated in favor of the less restrictive "incentive and *opportunity* to litigate" standard. *Id.* at 1125, *citing* Vestal. *The Restatement (Second) of Judgments: A Modest Dissent,* 66 Cornell L.Rev. 464 (1981); (emphasis added) Vestal and Coughenour, *Preclusion/Res Judicata Variables: Criminal Prosecutions,* 19 Vand.L.Rev. 683 (1966); Vestal, *Preclusion/Res Judicata Variables: Nature of the Controversy,* 1965 Wash.U.L.Q. 158.

The American Law Institute chose not to adopt Professor Vestal's recommendation. Instead the Restatement continues to provide that the issue must have "actually been litigated," for issue preclusion to prevail. It is noteworthy that the Sixth Circuit does not appear to have addressed the issue.

■ This Court is not prepared to hold that a party has waived a constitutionally guaranteed right simply by a failure to address it in the state court proceedings; to do so would foreclose that party's right to civil redress without so much as the opportunity to be heard on the issue. In the instant case the only way that issue could have been addressed is in a suppression hearing. However, mandating that the party attempt to suppress evidence in order to preserve civil rights and remedies could run the risk of violating the defendant's and his counsel's "theory of the case" and defense strategies. Instead, it is a better practice to leave such a decision to the criminal defendant and his counsel. Thereby, if the issue is raised and lost then the issue would clearly be precluded from relitigation. However, if for some reason, related to trial strategy or otherwise, the issue is not raised at the state court level then it still exists for federal adjudication. Therefore, the Court will not grant summary judgment based upon an "issue preclusion" argument.

■ Nonetheless, in reviewing the transcripts from the trial; with special attention paid to the examination and cross-examination of Tracy Buskirk, Sherry Arledge and Officer Lowe, there appears to be absolutely no impropriety in the presentation of the suspect photographs or the subsequent identification of then Defendant Robbie Chaney. The defendant in the criminal action and now plaintiff in the instant matter, was given ample opportunity on cross-examination to illicit from the two identifying witnesses and the officer that provided the photographs any information that may reflect bias, persuasion or any other actions that may taint their positive identification of Robbie Chaney. Furthermore, Chaney has had nearly two years from the time of his arrest to obtain evidence of impropriety or any violations of his rights and to date the Court has yet to see even a scintilla of such evidence. It is noteworthy that the plaintiff will have the burden of proving the essential elements at trial.

Therefore, pursuant to the standards dictated in *Anderson v. Liberty Lobby, Inc.,* and *Celotex Corp. v. Catrett,* it is this Court's opinion that there can be but one reasonable conclusion as to the verdict. In viewing the evidence it becomes clear that the plaintiff Robbie L. Chaney will be unable to carry the burden of proof. The plaintiff has failed to make a showing sufficient to establish *any* of the elements essential to the party's case. As such, the

Defendants' Motion for Summary Judgment is hereby GRANTED.

IT IS SO ORDERED.