Kenneth CHILDS, Appellee,

v.

Harvey M. KAPLAN and Harvey Tessler,
Appellants.

No. 71–1717.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Oct. 3, 1972.

Harvey Tessler, Clayton, Mo., pro se.

Myron Gollub, St. Louis, Mo., for appellee.

Before VOGEL and VAN OOSTERHOUT, Senior Circuit Judges, and ROSS, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

■■ Harvey M. Kaplan and Harvey Tessler have taken timely appeals from the order of the District Court, filed October 19, 1971, requiring each of them to answer interrogatories propounded within thirty days from October 19, 1971. Kaplan has filed no brief in support of his appeal, nor has he taken any steps to prosecute the appeal beyond filing the notice of appeal. Kaplan's appeal could probably be dismissed for want of prosecution pursuant to FRAP Rule 31(c) and our Rule 13. However, we have chosen not to do so as the issues raised on both appeals are identical. Tessler has filed a brief in support of his appeal. Appellee has filed no brief and has by letter advised the court that he has elected not to file a brief. We note our disapproval of such practice. All parties have waived oral argument.

■■ The threshold issue presented by these appeals is whether the order appealed from is an appealable order. We of course are required to satisfy ourselves of our appellate jurisdiction in all cases, including those where the jurisdictional issue is not raised by the parties.

■■ This court has only such jurisdiction as is conferred upon it by statute. Jurisdiction over appeals from the District Court is generally limited to the review of final judgments. 28 U.S.C. § 1291. Certain exceptions are contained in § 1292 but none of such exceptions is applicable here.

The judgment appealed from is not a final judgment. A brief summary of the facts is required to demonstrate this. Plaintiff appellee obtained a judgment against Kaplan and Tessler in the District Court for $23,437.68 on June 15, 1970, which judgment has become final. The judgment has not been satisfied. Plaintiff on August 24, 1970, propounded identical interrogatories to each defendant pursuant to Rule 33, Fed.R. Civ.P., aimed to discovery of assets of the defendants out of which to satisfy the judgment. No answers having been filed, plaintiff on May 20 filed a motion to compel answers to interrogatories. Such motion was granted on May 27, 1971. An order was entered requiring answers to the interrogatories. On June 28, each defendant filed a purported answer to the interrogatories which in substance gave his name and address and noted his refusal to answer the remaining interrogatories on the grounds that the answers would violate his Fifth Amendment rights protecting him against self-incrimination. Defendants filed no objections to the interrogatories, nor was any request made for a protective order pursuant to Rule 26(c), Fed.R.Civ.P.

Plaintiff on July 14, 1971, filed "Motion to Compel Answers to Interrogatories or, in the Alternative, an Order to Hold Defendant and Judgment Debtor in Contempt of Court." Rule 37(a)(2), Fed.R.Civ.P., provides for such a motion and sanctions for failure to make discovery, including contempt, are provided by Rule 37(b). The court, after considering the briefs submitted by the parties, entered the order appealed from requiring defendants to answer the interrogatories. In making such order, the court made the finding "there is nothing in the interrogatories which in the opinion of the court would tend to incriminate the defendants by answering the interrogatories." In our view, such order does not constitute a final order.

The question of what sanctions, if any, should be imposed remains open. Defendants still have an opportunity in a proceeding to find them in contempt of court for failure to obey the order or in an application for a protective order to show that answers to the interrogatories will in fact tend to violate their Fifth Amendment rights under the standards set out in Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

In United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971), the Court held that an order denying a motion to quash a subpoena was not a final appealable order. The Court states:

"We think that respondent's assertion misapprehends the thrust of our cases. Of course, if he complies with the subpoena he will not thereafter be able to undo the substantial effort he has exerted in order to comply. But compliance is not the only course open to respondent. If, as he claims, the subpoena is unduly burdensome or otherwise unlawful, he may refuse to comply and litigate those questions in the event that contempt or similar proceedings are brought against him. Should his contentions be rejected at that time by the trial court, they will then be ripe for appellate review. But we have consistently held that the necessity for expedition in the administration of the criminal law justifies putting one who seeks to resist the production of desired information to a choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal. Cobbledick v. United States, *supra* [309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783]; Alexander v. United States, 201 U.S. 117, [26 S.Ct. 356, 50 L.Ed. 686] (1906); cf. United States v. Blue, 384 U.S. 251, [86 S.Ct. 1416, 16 L.Ed.2d 510] (1966); DiBella v. United States, 369 U.S. 121, [82 S.Ct. 654, 7 L.Ed.2d 614] (1962); Carroll v. United States, 354 U.S. 394, [77 S.Ct. 1332, 1 L.Ed. 2d 1442] (1957). Only in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims have we allowed exceptions to this principle. . . ." 402 U.S. 530, 532–533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85.

While the proceeding in the case before us is distinguishable in that it involves a civil case rather than a criminal case, we believe the reasoning of Ryan and the cases cited therein applies to our present situation. Interlocutory appeals in civil cases will place an undue burden on the courts and delay the ultimate disposition of the litigation. Borden Co. v. Sylk, 410 F.2d 843 (3rd Cir. 1969), presents a sound basis for the dismissal of the appeal in our present case for want of jurisdiction by reason of lack of finality of the order appealed from.

The appeal is dismissed for want of jurisdiction.