Jose Luis MARCAIDA and wife, Anastasia Marcaida, Plaintiffs-Appellants,

v.

Ray RASCOE, Defendant-Appellee,

v.

INDUSTRIAL INDEMNITY INSURANCE COMPANY et al., Intervenors-Appellants.

No. 77–3294.

United States Court of Appeals, Fifth Circuit.

March 2, 1978.

Joseph (Sib) Abraham, Jr., Charles Louis Roberts, Gerald J. Smith, El Paso, Tex., for Marcaida.

Stephen B. Tatem, Jr., El Paso, Tex., for Industrial Indemnity, et al.

John A. Grambling, Norman J. Gordon, El Paso, Tex., for defendant-appellee.

## ORDER

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

This case is before the Court on the motion of appellee Ray Rascoe to dismiss the appeal of plaintiffs-appellants Jose and Anastasia Marcaida and the motion of intervenors-appellants Industrial Indemnity Insurance Co. and Colorado Major Medical Insurance Fund to reinstate their appeal, which has already been dismissed by the clerk of this Court.

## I. MOTION TO DISMISS

Both groups of appellants—the plaintiffs and the intervenors—filed timely notices of appeal, and the record on appeal was timely filed on Nov. 22, 1977. Under Rule 31(a), F.R.A.P., appellants' brief was due on Jan. 3, 1978, the preceding day having been a holiday. At some time in either late December or the first week in Janu-

ary,[1] plaintiffs-appellants' counsel telephoned the clerk's office to request an extension of time through Jan. 17. This motion was granted by the clerk pursuant to Local Rule 10(a)(1)(bb), which allows the clerk to grant such unopposed motions.

However, neither the clerk nor counsel for plaintiffs-appellants notified the counsel for appellee of this extension. On Jan. 17, the new "due date" for the brief, counsel for plaintiffs-appellants again made a telephone request for extension of time, this time for three days. Told he could not do so by phone, counsel filed the request by telegram, confirmed by letter. The extension was granted through Jan. 20, and the clerk sent notice to opposing counsel. However, counsel for plaintiffs-appellants did not serve the motions on opposing counsel.

On Jan. 20, counsel for plaintiffs-appellants made another telegraphic request for extension of time. This motion, for a one-day extension, was received and granted by the clerk on Jan. 23. The clerk notified opposing counsel, though counsel for plaintiffs-appellants again failed to provide such notice. A preliminary typewritten copy of plaintiffs-appellants' brief was filed with the clerk on Jan. 24, with a certificate of service reflecting that a copy had been mailed to opposing counsel on Jan. 21. However, appellee's counsel states that he did not receive the brief until Jan. 31. The day before he had written a letter to the clerk inquiring why the motions for extension of time had been granted and complaining that he had yet to receive a brief.

It is painfully obvious that counsel for plaintiffs-appellants failed to comply with Rule 27(a), F.R.A.P., which provides in pertinent part:

[A]n application for an order or other relief shall be made by filing a motion for such order or relief with proof of service on all other parties.

The fact that the motion in this case was a procedural motion within the meaning of

---

1. Counsel for plaintiffs-appellants claims that he made a telephonic request on Dec. 19 or 21, 1977. A letter from the clerk's office to coun-sel for appellee indicates that the request was made during the first week of January.

Rule 27(b) is irrelevant, for that subsection does not dispense with the service requirement. Rather, it simply states that such procedural motions may be acted on at any time, without awaiting a response.

This failure of service is not alone sufficient to prejudice opposing counsel, even though he may have desired to challenge the "unopposed" motions that were granted by the clerk. Rule 27(b), F.R.A.P., specifically provides that any party "adversely affected by such action [*i. e.*, the granting of a procedural motion without awaiting a response] may request reconsideration, vacation or modification of such action."

Although opposing counsel apparently was never informed of the first extension of time, he was notified by the clerk of the subsequent extensions. Still, he took no action until well after the extended time period for filing appellants' brief had passed,[2] and subsequently filed a motion to dismiss.

This court is not required to dismiss every appeal which does not meet the time limitations of Rule 31. In *Phillips v. Employers Mut. Liability Ins. Co.,* 239 F.2d 79, 80 n.2 (5 Cir. 1956), the court said that the late filing of briefs is "at most [a] non-jurisdictional [defect] in the prosecution of [t]his appeal, which we consider insufficient to warrant dismissal." *See also King v. Laborers Internat'l Union,* 443 F.2d 273 (6 Cir. 1971); *United States v. Edwards,* 366 F.2d 853 (2 Cir. 1966), *cert. denied,* 386 U.S. 908, 87 S.Ct. 852, 17 L.Ed.2d 782 (1967); *cf. Walker v. Mathews,* 546 F.2d 814 (9 Cir. 1976) (late filing of record).

Our action does not mean we condone the dilatoriness of counsel for plaintiffs-appellants in this case. Counsel points to the death of his father, his own poor health during the period in question, the holiday seasons that fell during the briefing period, and his heavy caseload as justification for the extensions. We have stated before that "preoccupation of counsel with other matters does not dispense with the necessity of compliance with the rules" that require timely filing. *United States v. Bowen,* 310 F.2d 45, 47 (5 Cir. 1962). Moreover, we note again that counsel completely disregarded the service requirement of Rule 27(a) by failing to give opposing counsel notice of the motions for extension of time in which to file a brief.

Despite this performance by counsel for plaintiffs-appellants, appellee can point to no prejudice flowing to him, and we can find none on the record before us. Our view of the case is not altered by the fact that appellee's counsel had no opportunity to challenge the first "unopposed" motion for extension of time. He failed to seek prompt reconsideration of the action, as provided in Rule 27(b), and did not take advantage of Local Rule 10(a), which provides that the clerk's actions on unopposed motions are "subject to review by the Court." Even if appellee's counsel had opposed the initial motion for extension, he presumably could have shown no prejudice from such an extension, since he can show none now. Accordingly, appellee's motion to dismiss the appeal is denied.

## II.  MOTION TO REINSTATE

■■■ On Feb. 1, 1978, the clerk dismissed the appeal of the intervenors-plaintiffs for want of prosecution. *See* Local Rule 9(b)(2); Rule 31(c), F.R.A.P. Ground for dismissal was their failure to file a brief.

The intervening insurance companies claim that since the outset of this case they have "stood in the shoes" of plaintiffs-appellants. Moreover, they indicate that the attorneys for all appellants agreed that only one brief would be filed on behalf of all appellants and that this brief would be prepared by attorney for plaintiffs-appellants.

---

2.  The clerk's office notified appellee's counsel of the second extension of time, which was granted on Jan. 17. However, appellee's counsel did not seek reconsideration when he first learned of this extension (and of the initial extension) but waited until Jan. 30 to contact the clerk about the extensions that had been granted. It seems obvious that Rule 27(b) contemplates prompt action in seeking reconsideration.

Confusion may well have arisen, as the intervenors suggest, because there are four separate appellants—Mr. Marcaida, his wife, and the two insurance companies. The clerk may have assumed that "appellants" meant only Mr. and Mrs. Marcaida and that the insurance companies would file a separate brief. This assumption is perfectly understandable, since the brief filed by counsel for plaintiffs-appellants did not meet the requirement of Local Rule 13(h) that "[i]n all cases the cover of the brief must clearly indicate the name of the party on whose behalf the brief is being filed."[3]

However, the appellants obviously intended to proceed under Rule 28(i), F.R. A.P., which allows "any number" of parties to join in a single brief. They simply failed to convey this desire to the clerk. Since the intervenors-appellants stand in the shoes of the plaintiffs-appellants and since the issues on appeal are identical, we conclude that their appeal should not be dismissed. In *Childs v. Kaplan,* 467 F.2d 628 (8 Cir. 1972), the court held that the appeal of an appellant who did not file a brief would not be dismissed for want of prosecution when one of the other appellants had filed a timely brief and the issues raised on appeal were identical to both appellants. We have concluded in section I of this opinion that the brief of plaintiffs-appellants was timely filed. The only difference, then, in the instant case and *Childs* is appellants status as intervenors. That difference is irrelevant, since an intervenor is treated as if he were an original party and has equal standing with the original parties. Wright & Miller, Federal Practice & Procedure § 1920, at 611. *See Ross v. Bernhard,* 396 U.S. 531, 541 n.15, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). Accordingly, intervenors-appellants' motion to reinstate their appeal is granted.

## III. CONCLUSION

This appeal has been handled in a very slipshod manner. It goes without saying that counsel who proceed in such fashion risk dismissal, thereby prejudicing the rights of their clients. We do not want to see this sort of display again.

IT IS ORDERED that appellee's motion to dismiss the appeal is DENIED.

IT IS FURTHER ORDERED that the intervenors-appellants' motion to reinstate their appeal is GRANTED.

---

**3.** The brief, submitted by counsel who represented Mr. and Mrs. Marcaida in the district court, simply says "Brief for Appellants."

Moreover, the plaintiffs-appellants and intervenors-appellants filed separate notices of appeal on different dates and by different counsel.