**TROPICAL CRUISE LINES, S.A., Plaintiff,**

**and**

**Southtrust Bank of Alabama, N.A., Plaintiff–Intervenor,**

**v.**

**VESTA INSURANCE COMPANY a/k/a Skadedeforsikringsselskapet Vesta a/s or Vesta Hygea and Stolt–Nielsen, Inc., Defendants.**

**SOUTHTRUST BANK OF ALABAMA, N.A., Plaintiff,**

**v.**

**VESTA INSURANCE COMPANY a/k/a Skadedeforsikringsselskapet Vesta a/s or Vesta Hygea and Stolt–Nielsen, Inc., Defendants.**

Civ. A. Nos. S91–0440(R), S91–0509(R).

United States District Court, S.D. Mississippi, S.D.

Oct. 13, 1992.

Wynn E. Clark, Gulfport, Miss., for Tropical Cruise Lines, S.A.

Robert M. Frey, Jackson, Miss., James J. Robinson, Mark M. Lawson, Birmingham, Ala., for Southtrust Bank of Alabama, N.A.

A. Lewis Phillips, III, Mobile, Ala., James N. Compton, Floyd G. Hewitt, Jr., Biloxi, Miss., Sidney H. Schell, Mobile, Ala., for Vesta Ins. Co.

Delos E. Flint, Jr., George J. Fowler, Jeffrey L. Sanford, New Orleans, La., for Stolt–Nielsen, Inc.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

On January 6, 1992, this Court granted a Stay Order, which arose from the arbitration provisions in the contracts between Tropical Cruise Lines, S.A. (hereinafter "Tropical Cruise") and Stolt–Nielsen Inc. (hereinafter "Stolt–Nielsen"). Now pending before this Court is the Motion filed by Stolt–Nielsen to Confirm the Stay Order, and, filed in "an abundance of caution," Stolt–Nielsen's Alternative Motion for Summary Judgment and Sanctions and Further Alternative Motion for Stay Pend-

ing Arbitration. The Plaintiff–Intervenor, SouthTrust Bank of Alabama, N.A. (hereinafter "SouthTrust"), opposes the confirming of the Stay Order and the granting of summary judgment.

### I. Statement of the Case

1. Both Stolt–Nielsen and the plaintiff-intervenor, SouthTrust, are in general agreement regarding the procedural history of this case. The plaintiff Tropical Cruise is the owner of the seagoing vessel M/V Southern Elegance, which is a cruise ship homeported in Gulfport, Mississippi. SouthTrust submits that on or about November 1, 1989, Stolt–Nielsen and Tropical Cruise entered into a Ship Management Agreement and a Manning and Technical Agreement (hereinafter the "Agreements"). Stolt–Nielsen submits, rather, that the Manning and Technical Agreement between Stolt–Nielsen and Tropical Cruise was entered into in April of 1988; Stolt–Nielsen submits that the Ship Management Agreement, although dated November 1, 1989, and unsigned, was proceeded with by both parties, and both Tropical Cruise and Stolt–Nielsen are bound by its terms. Stolt–Nielsen further submits that the Agreements terminated on May 17, 1990, while SouthTrust disputes said contention that the Agreements terminated on May 17, 1990.

The Manning and Technical Agreement provides, in part, that:

> Should any differences or disputes of whatsoever nature arise between the parties hereto in relation to this Agreement or concerning the construction, meaning or intention thereof the same shall be put to arbitration in the City of Panama City pursuant to the rules of the Society of Maritime Arbitrators, each of the parties naming one arbitrator and the two thus appointed naming a chairman. The United States Federation Arbitration Act shall ultimately govern such arbitration.

2. On March 1, 1990, Defendant Vesta Insurance Company a/k/a Skadedeforsikringsselskapet Vesta A/S or Vesta Hygea (hereinafter "Vesta"), issued a policy of marine hull and machinery and war risks insurance to Tropical Cruise on the M/V Southern Elegance. On September 17, 1990, while the policy of marine insurance was in full force and effect, the M/V Southern Elegance suffered damage to its machinery and equipment. Tropical Cruise filed a timely proof of loss with Vesta and otherwise complied with the terms of the policy of marine insurance. On November 21, 1990, Vesta denied Tropical Cruise's claim. Vesta continues to refuse to pay Tropical Cruise for the loss.

3. On September 17, 1991, Tropical Cruise filed a complaint against Vesta and Stolt–Nielsen. Tropical Cruise alleged that as a result of Vesta's breach of contract in failing to make payment under the terms of the insurance policy, Tropical Cruise suffered damages including loss of hire, attorney's fees and interest. (Complaint, Paragraph 8.) The Complaint also alleged that Stolt–Nielsen breached the Ship Management Agreement in failing to do the following: to crew the vessel; to victual and arrange the procurement of engine stores, lubricating oils, and other necessary or usual service to the vessel; to arrange cover for insurance on the vessel; to maintain the vessel in an efficient and seaworthy condition; and failing to handle insurance claims on the vessel pertaining to her machinery, apparel, fittings, freights, earnings, disbursements, and any claims arising out of the operation of the vessel. (Complaint, Paragraph 9). Tropical Cruise demanded judgment in the amount of $4,000,000.00, together with attorney's fees, interest and costs. (*Id.*, Paragraph 10).

4. On November 7, 1991, Stolt–Nielsen filed a Motion to Stay Pending Arbitration, arguing that the Manning and Technical Agreement required Tropical Cruise to arbitrate its claims against Stolt–Nielsen. This Court entered an Order on January 6, 1992 (the "Stay Order") staying Tropical Cruise's claims against Stolt–Nielsen. The Stay Order provides, in part, that:

> It is hereby ORDERED, ADJUDGED AND DECREED that the Motion to Stay filed by Stolt–Nielsen, Inc. is granted and that all claims against Stolt–Nielsen in this proceeding are hereby stayed pend-

ing the arbitration of those claims as required by contract.

Arbitration between Tropical Cruise and Stolt–Nielsen is currently pending in Panama City, Florida. At the time Stolt–Nielsen filed its Motion to Stay Pending Arbitration, and at the time this Court entered the Stay Order, SouthTrust was not a party to this action. SouthTrust complains that it was not served with a copy of Stolt–Nielsen's Motion to Stay pursuant to the Federal Rules of Civil Procedure, but that does not seem unusual if they were not a party.

5. Previously, on July 31, 1990, Tropical Cruise executed and delivered to South-Trust a First Naval Mortgage (hereinafter "Mortgage") on the M/V Southern Elegance in order to secure the payment of a promissory note in the principal amount of $1,100,000.00. The Mortgage provides, in part, that all policies of insurance on the M/V Southern Elegance "shall contain a loss payable clause to mortgagee." The Mortgage also provides that if any damage to the M/V Southern Elegance exceeds $5,000.00, the underwriters on the policy shall not make any payment to Tropical Cruise "without first obtaining the written consent of the mortgagee." In November 1990, the policy of marine insurance was amended to make any losses insured under the policy payable to SouthTrust.

6. On November 12, 1991, SouthTrust filed a Motion for Leave to Intervene in this action. On March 2, 1992, this Court granted SouthTrust's Motion for Leave to Intervene. SouthTrust submits that during the pendency of the motion, it did not have the opportunity to respond to Stolt–Nielsen's Motion to Stay because it was not a party to the litigation and because it was not served with a copy of the Motion.

7. On March 2, 1992, SouthTrust filed a Verified Complaint in Intervention in this action. In its complaint, SouthTrust alleges that Vesta breached its duties under the marine insurance policy when Vesta denied Tropical Cruise's claim because of (a) the alleged unseaworthiness of the M/V Southern Elegance; (b) the alleged breach of a safety regulation; (c) the alleged contami-

nation of lubricating oil; and (d) the alleged loss of class by the M/V Southern Elegance. (Complaint in Intervention, Paragraphs 20, 28, 32, 36, 40.)

SouthTrust also alleges that Stolt–Nielsen breached its duties under the Ship Management Agreement and Manning and Technical Agreement, because Stolt–Nielsen failed (a) to recommend for employment on the M/V Southern Elegance a duly qualified crew and failed in its other duties related to the manning of the M/V Southern Elegance; (b) to arrange for the procurement of lubricating oils and other necessary or usual services to the M/V Southern Elegance; (c) to arrange or purchase proper insurance coverage; (d) to maintain the M/V Southern Elegance under its present class in an efficient and seaworthy condition and failed to see that all required certificates were maintained; (e) to recommend entering into contracts for the repair and maintenance of the M/V Southern Elegance; (f) to provide marine and technical superintendency and failed to arrange and supervise surveys, maintenance, repairs, alterations and renewals; and (g) to properly make claims or institute legal proceedings or actions on behalf of Tropical Cruise. (Complaint in Intervention, Paragraphs 24, 44, 49, 54, 59, 64, 67, 74).

8. On April 24, 1992, Stolt–Nielsen filed its Ex Parte Motion to Confirm Stay Order and its supporting Memorandum. In its Motion, Stolt–Nielsen requests that this Court enter an Order confirming the earlier Stay Order, which was based upon the arbitration clause in the Manning and Technical Agreement—even though the arbitration clause does not apply to SouthTrust. SouthTrust was not a party to this action when the Stay Order was entered, and Stolt–Nielsen has refused SouthTrust's request to participate in the arbitration.

## II. Argument

Stolt–Nielsen maintains the stay order of January 6, 1992, which arose from the arbitration provisions in the contracts between Tropical Cruise and Stolt–Nielsen, remains in effect and should be confirmed. Furthermore, in the alternative, Stolt–Nielsen maintains that SouthTrust, the intervenor,

is not a party to the contracts, nor a beneficiary of the contract, and is not entitled to maintain an action against Stolt–Nielsen.

Stolt–Nielsen submits in the Motion to Confirm the Stay Order, that because the proceedings were all stayed against it, it is not required to respond to SouthTrust's Complaint in Intervention. In accordance with the Motion to Confirm the Stay, Stolt–Nielsen submits as facts in addition to those set forth herein, the following: that neither the Manning and Technical Agreement nor the Ship Management Agreement names SouthTrust Bank of Alabama, N.A., as a third party beneficiary; that neither the Manning and Technical Agreement nor the Ship Management Agreement names a class of third party beneficiaries of which SouthTrust Bank is a member; that at the time that Stolt–Nielsen and Tropical Cruise Lines entered into the Manning and Technical Agreement and the Ship Management Agreement, neither Stolt–Nielsen, nor Tropical Cruise, had any reason to name SouthTrust a third party beneficiary; and, that SouthTrust was granted a mortgage on the M/V Southern Elegance on July 31, 1990.

Stolt–Nielsen argues that SouthTrust, as intervenor, must take the proceedings as it finds them. An intervenor "cannot change the issue that is framed between the original parties and must join subject to the proceedings that have occurred prior to his intervention; he cannot unring the bell." *Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 153 (D.C.Cal.1954). Further, Stolt–Nielsen cites "the settled rule of practice that intervention will not be allowed for the purpose of impeaching a decree already made." *U.S. v. California Cooperative Canneries*, 279 U.S. 553, 556, 49 S.Ct. 423, 424, 73 L.Ed. 838 (1929).

Accordingly, Stolt–Nielsen contends the proceedings have been stayed against it and it is not required to respond to South-Trust's Complaint in Intervention.

In opposition, SouthTrust submits that Stolt–Nielsen's Ex Parte Motion to Confirm Stay should be denied because the arbitration clause in the Manning and Technical Agreement, which is the only basis for a

stay raised by Stolt–Nielsen, does not require SouthTrust to arbitrate its claims. SouthTrust submits that the Manning and Technical Agreement only applies to differences or disputes between the *parties* to that Agreement and SouthTrust is not a party; the Agreement does not require arbitration of SouthTrust's claims as third-party beneficiary or mortgagee of the M/V Southern Elegance.

The authority submitted by SouthTrust is as follows:

Agreements to arbitrate are essentially creatures of contract. *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1419 (11th Cir.1990); *Morgan v. Smith Barney, Harris Upham & Co.*, 729 F.2d 1163, 1165 (8th Cir.1984). Although there is a presumption in favor of arbitration, *see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), a party will not be required to arbitrate when it has not agreed to do so. *Volt Information Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); *Goldberg, supra.* A court cannot "twist" the language contained in a contract "to achieve a result which is favored by federal policy [such as arbitration] but contrary to the intent of the parties." *Goldberg*, 912 F.2d at 1420.

SouthTrust submits that it is well settled that the first principle of arbitration is that this court cannot compel a party to submit a dispute to arbitration unless there has been a contractual agreement to do so. *Neal v. Hardee's Food Systems, Inc.*, 918 F.2d 34, 37 (5th Cir.1990) (citing *Matter of Talbott Big Foot, Inc.*, 887 F.2d 611, 614 (5th Cir.1989)). The purpose of the Federal Arbitration Act "was to make arbitration agreements as enforceable as other contracts, but not more so." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, n. 12, 87 S.Ct. 1801, 1806, n. 12, 18 L.Ed.2d 1270 (1967) (emphasis in original). Arbitration is a matter of contract. A party "cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Work-*

*ers of America,* 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986) (quoting *Steel Workers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)). Notwithstanding the Congressional mandate favoring strict enforcement of arbitration agreements, this Court "may apply the Act's provisions only to those parties who are bound by the agreement to arbitrate." *United States v. Panhandle Eastern Corp.,* 672 F.Supp. 149, 153 (D.Del.1987) (emphasis added). The mandatory stay provision of the Federal Arbitration Act "does not apply to those who are not contractually bound by the arbitration agreement." *In Re Talbot Bigfoot, Inc.,* 887 F.2d 611, 614 (5th Cir.1989).

SouthTrust submits Stolt–Nielsen relies upon the decision of the United States District Court for the Southern District of California in *Hartley Pen Co. v. Lindy Pen Co.,* 16 F.R.D. 141 (S.D.Cal.1954) to support its argument, but SouthTrust submits that Stolt–Nielsen's reliance is misplaced. In *Hartley,* the court stated that "the intervener still must take the main suit as he finds it, but only in the sense that he cannot change the issues framed between the original parties...." *Id.* at 153 (citation omitted). SouthTrust, however, contends that it is not trying to change the issues framed in this lawsuit, e.g., whether Stolt–Nielsen breached its duties under the Manning and Technical Agreement; rather, SouthTrust submits it is merely trying to protect its interests as mortgagee of the M/V Southern Elegance and third-party beneficiary of the Agreement.

In response to Stolt–Nielsen's assertion that SouthTrust intervened in this case "subject to the proceedings that have occurred prior to ... intervention," (Motion to Confirm Stay, p. 2), SouthTrust submits that the Stay Order does not prohibit SouthTrust from pursuing its claims against Stolt–Nielsen because at the time this Court entered the Stay Order, SouthTrust had not been granted leave to intervene in this case; the applicability of this Court's Stay Order has not been "litigated" with regard to SouthTrust. *Sanguine, Ltd. v. U.S. Department of Interior,* 798

F.2d 389, 392 (10th Cir.1986), cert. denied, 479 U.S. 1054 (1989).

SouthTrust submits that it is not bound by the Stay Order, but if it is stayed, the Court could set aside that portion of the order. For example, in *Sanguine,* the United States Court of Appeals for the Tenth Circuit set aside a judgment entered prior to the intervention of a third-party stating that "prejudice to the intervenor can be avoided only by setting aside the prior judgment and allowing the opportunity to litigate the merits of the case." *Sanguine,* 798 F.2d at 391.

Similarly, SouthTrust submits that its interests as mortgagee of M/V Southern Elegance and third-party beneficiary of the Manning and Technical Agreement will be prejudiced if SouthTrust cannot pursue its Complaint. In addition, SouthTrust submits that it does not have the requisite financial control or ownership interest in Tropical Cruise for SouthTrust's interests to have been adequately represented by Tropical Cruise in January, 1992, or in arbitration. Therefore, SouthTrust contends it should not be barred from pursuing its Complaint against Stolt–Nielsen.

SouthTrust further submits that if this Court determines that SouthTrust's claims should be stayed pending arbitration, SouthTrust should be allowed, for several reasons, to participate in the arbitration as a party in all respects. Firstly, it is uncontroverted that an intervenor under Rule 24(a) "is treated as if he were an original party and has equal standing with the original parties." *Donovan v. Oil Chemical, etc. Local 4–23,* 718 F.2d 1341, 1350 (5th Cir.1983), *cert. denied,* 466 U.S. 971, 104 S.Ct. 2344, 80 L.Ed.2d 818 (1984); *Brown v. Demco, Inc.,* 792 F.2d 478, 480–81 (5th Cir.1986). SouthTrust submits that, as intervenor, it "stands in the shoes" of Tropical Cruise (citing *Marcaida v. Rascoe,* 569 F.2d 828, 831 (5th Cir.1978)); and, therefore, if it is not allowed to pursue its Complaint against Stolt–Nielsen, it should be made a party to the arbitration proceedings between Tropical Cruise and Stolt–Nielsen pending in Panama City, Florida.

Secondly, SouthTrust submits that it is undisputed that SouthTrust, as mortgagee of the M/V Southern Elegance and third-party beneficiary of the Manning and Technical Agreement, has a significant interest in the outcome of this case. SouthTrust contends that if its Complaint against Stolt–Nielsen is stayed and it is not allowed to participate in the arbitration, South-Trust's ability to protect its interests will be greatly impaired. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 268 (5th Cir.1977). Finally, SouthTrust contends that if it is bound by the Stay Order, it must be permitted to participate in the arbitration.

In rebuttal, Stolt–Nielsen submits that it appears that SouthTrust Bank, as mortgagee, claims that it is entitled to third party beneficiary status as regards the Agreement and that it can therefore bring this action in its own name, directly against Stolt–Nielsen alleging that Stolt–Nielsen's violation of the Agreement caused the engine breakdown.

Stolt–Nielsen is of the opinion that neither SouthTrust Bank nor any class of which they are a member is named a third party beneficiary in the Agreement. Furthermore, Stolt–Nielsen submits that no language in the Agreement states, suggests or implies that SouthTrust Bank nor any class of which they are a member was ever intended to be third party beneficiary of the Agreement. Further, Stolt–Nielsen submits that although SouthTrust Bank became mortgagee of the M/V Southern Elegance, there was no amendment or change made in the Agreement for the benefit of SouthTrust Bank; thus, SouthTrust Bank lacks any basis in fact for its allegation of third party beneficiary status. Finally, Stolt–Nielsen submits that SouthTrust is fully aware of this lack of factual basis for its Complaint, and that SouthTrust Bank has maintained an entirely groundless and frivolous lawsuit.

### III. Conclusions

■ This Court is of the opinion that the Stay Order of January 6, 1992, which was decreed prior to the filing of SouthTrust Bank's Complaint in Intervention on March 2, 1992, does preclude Stolt–Nielsen, a party against whom the Stay is effective, from being required to respond to said Complaint in Intervention.

As previously argued by Stolt–Nielsen, an intervenor "cannot change the issue that is framed between the original parties and must join subject to the proceedings that have occurred prior to his intervention; he cannot unring the bell." *Hartley Pen Co. v. Lindy Pen Co.*, (D.C.Cal.1954) 16 F.R.D. 141, 151.

This Court will only address whether or not an intervenor, under the present posture of this case, dissolves a stay order by virtue of its intervention. This is the issue which Stolt–Nielsen argues in its Ex Parte Motion to Confirm Stay Order, i.e., that SouthTrust is subject to the Stay Order because it is in effect. SouthTrust Argues other issues, i.e., that the arbitration clause does not apply to them because they are not a party to the Agreement. This Court agrees with Stolt–Nielsen that said argument of SouthTrust speaks to the merits of SouthTrust's claim. Further, SouthTrust submits that Stolt–Nielsen wants to exclude SouthTrust Bank from arbitration proceedings, yet still subject them to the stay order; Stolt–Nielsen submits that on the merits, SouthTrust Bank has no right to proceed to arbitration against Stolt–Nielsen, and that no arbitration agreement exists between the two parties.

■ This Court will not address the merits of SouthTrust's claims in its Complaint in Intervention filed in this cause since these proceedings have been stayed pending the outcome of the arbitration to which Tropical Cruise and Stolt–Nielsen are now parties. SouthTrust intervened after institution of the Stay, and it is prevented from litigating against Stolt–Nielsen in this proceeding. Further, this Court cannot order that Stolt–Nielsen and Tropical Cruise, as parties to the arbitration agreement in issue, allow SouthTrust to intervene in the arbitration proceedings.

This Court is also of the opinion that the Alternative Motion of Stolt–Nielsen for Summary Judgment and Sanctions and Further Alternative Motion for Stay Pending Arbitration should be denied as it

would be improper for the Court to make a determination on the merit's of any claims asserted by SouthTrust in its Complaint in Intervention at this time.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion of Stolt–Nielsen to Confirm the Stay Order is hereby GRANTED, and the Alternative Motion of Stolt–Nielsen for Summary Judgment and Sanctions and Further Alternative Motion for Stay Pending Arbitration is hereby DENIED.

SO ORDERED AND ADJUDGED.