IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20310
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO HINOJOSA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1404
USDC No. H-89-CR-365-2
_____
January 19, 2001

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    We previously affirmed on appeal the jury trial convictions and the sentences

imposed on Humberto Hinojosa for drug conspiracy and related offenses.[1]  Invoking

28 U.S.C. § 2255 he thereafter moved to vacate, set aside, or correct his sentence

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]United States v. Hinojosa, 958 F.2d 624 (5th Cir. 1992).

and, in conjunction therewith, he moved to correct claimed errors in the presentence investigation report. The district court denied the latter motion and Hinojosa appeals that ruling.

The government moves to supplement the record with a copy of the district court's order granting Hinojosa leave to amend his § 2255 motion which is pending in the trial court. This order was entered after Hinojosa filed his notice of appeal. The government's motion is granted.

Hinojosa moves to strike the government's appellate brief as untimely. There is no showing of prejudice from the untimely filing and that motion is denied.[2]

The order Hinojosa appeals is not appealable as a final judgment, it has not been deemed final jurisprudentially, and it was not certified for appeal by the trial court.[3] Accordingly, there is no basis for appellate jurisdiction herein.

The motion to supplement the record is GRANTED; the motion to strike the government's brief is DENIED; the appeal is DISMISSED and the matter is returned to the district court for appropriate proceedings.

---

[2]Marcaida v. Rascoe, 569 F.2d 828 (5th Cir. 1978).

[3]Dardar v. Lafourche Realty Co., Inc., 849 F.2d 955 (5th Cir. 1988).