# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-4002

_____

In re James Kujawa, individually      *
and d/b/a Restaurant Builders,     *

                   *

       Debtor             *

                   *

--------------------------     *

                   *   On Appeal from the United

Richard E. Schwartz,       *   States Bankruptcy Appellate

                   *   Panel for the Eighth Circuit.

       Appellant,        *

                   *

    v.                  *

                   *

James Kujawa,           *

                   *

       Appellee.         *

_____

Submitted: January 17, 2003
Filed: March 19, 2003

_____

Before HANSEN, Chief Judge, RICHARD S. ARNOLD and BOWMAN, Circuit
Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

As a result of extended prior proceedings in this bankruptcy case, Richard E. Schwartz, the appellant now before this Court, is subject to an award of sanctions in the amount of $66,656.33. See In re Kujawa, 270 F.3d 578 (8th Cir. 2001). This

award runs in favor of James Kujawa, the debtor, who is now the appellee in this Court. The United States Bankruptcy Court for the Eastern District of Missouri has entered an order granting a motion filed by Mr. Kujawa to require Mr. Schwartz to produce certain financial information responsive to a request for production of documents. This order was evidently entered in aid of Mr. Kujawa's attempt to collect the award for sanctions. Mr. Schwartz appealed the order to the Bankruptcy Appellate Panel, which dismissed the appeal on the ground that the discovery order of which review was sought was not final. In re James Kujawa, No. 01-6080EM (order filed November 19, 2001).

Mr. Schwartz now appeals to this Court. He argues that the discovery order in question was in fact a final order, subject to review on appeal, and, in addition, that the order should be reversed for various reasons. Mr. Kujawa moves to dismiss the appeal, asserting, in accordance with the holding of the Bankruptcy Appellate Panel, that the discovery order in dispute was not final, and that, accordingly, appellate jurisdiction to review it does not exist. The motion to dismiss the appeal is denied. We have jurisdiction to review "all final decisions, judgments, orders, and decrees entered" by the Bankruptcy Appellate Panel. 28 U.S.C. § 158(d). The Panel's order, dismissing the appeal taken to it from the Bankruptcy Court, was a final order. It completely disposed of all matters pending before the Panel.

The real question of jurisdiction presented in this case, however, remains to be decided. Did the Bankruptcy Appellate Panel have jurisdiction? If not, it is our duty to affirm the Panel's order dismissing for lack of jurisdiction, and we may not reach any other question. Bankruptcy appellate panels have jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. §§ 158(a), (b)(1). So the question is whether the discovery order of which Mr. Schwartz complains was a final order reviewable by the Bankruptcy Appellate Panel.

We agree with the Panel that the order was not final.  Childs v. Kaplan, 467 F.2d 628 (8th Cir. 1972), is in point and governs the outcome of this case.  There, Kenneth Childs had obtained a judgment against Harvey Kaplan and Harvey Tessler.  After judgment was entered, Mr. Childs sought discovery in aid of his efforts to collect the judgment.  The District Court entered an order requiring the judgment debtors to provide the discovery requested.  The judgment debtors then appealed to this Court, and we held that the order appealed from was not final.  Accordingly, we dismissed the appeal for want of jurisdiction.

This result did not leave the appellants in Childs without any opportunity for appellate review.  As we explained in our Childs opinion, "[d]efendants still have an opportunity in a proceeding to find them in contempt of court for failure to obey the order . . . ." Id. at 630.  We cited United States v. Ryan, 402 U.S. 530 (1971), in which the Supreme Court held that an order denying a motion to quash a subpoena was not a final, appealable order.  The party resisting the subpoena, the Supreme Court explained,

> may refuse to comply and litigate [the appropriateness of the subpoena] . . . in the event that contempt or similar proceedings are brought against him.  Should his contentions be rejected at that time by the trial court, they will then be ripe for appellate review.

Id. at 532 (footnote omitted).

In Childs, a post-judgment discovery order entered in aid of execution was held to be nonfinal.  It was further held that the parties resisting discovery could obtain appellate review by disobeying the order and subjecting themselves to sanctions for contempt.  The same reasoning applies in full force in the present case.  A post-judgment order has been entered requiring discovery.  The order is not final and was not subject to appellate review by the Bankruptcy Appellate Panel.  The Panel was

-3-

entirely correct in observing that the order would be final and appealable when and if the Bankruptcy Court holds "Schwartz in contempt for failing to comply . . .." In re James Kujawa, supra, slip op. 3-4. The order of the Bankruptcy Appellate Panel, dismissing for want of jurisdiction Mr. Schwartz's appeal from the Bankruptcy Court, is

Affirmed.[1]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]We have before us Mr. Schwartz's motion to unseal a portion of the record that had been sealed by the Bankruptcy Court. This motion is denied as moot. Nothing in the material which Mr. Schwartz wishes unsealed has anything to do with the Bankruptcy Appellate Panel's jurisdiction, which is the sole issue we address.