# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-60275
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kathleen Nelson,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CR-30-2

———————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Kathleen Nelson, federal prisoner # 06883-043, is serving a sentence of life imprisonment for conspiring to kill a government witness, as well as lesser consecutive sentences for conspiring to commit mail fraud, bank fraud, converting money of the United States, and attempting to obstruct grand jury proceedings. In the instant matter, Nelson, proceeding pro se, appeals the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

denial of her motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1).

In her opening brief, Nelson asserts that the district court "'conceded'" that she had met her burden to establish extraordinary and compelling reasons warranting compassionate release, and she contends that the district court denied relief solely based on its evaluation of the 18 U.S.C. § 3553(a) factors. But Nelson is simply incorrect; the district court indicated in its order that it discerned no extraordinary and compelling reasons warranting compassionate release.

Although pro se briefs are liberally construed, even pro se litigants must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Arguments not presented in an appellant's opening brief are waived. *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007). Here, as Nelson makes no effort in her opening brief to demonstrate error in the district court's determination that there were no extraordinary and compelling reasons warranting compassionate release and does not renew the contentions raised in the district court as to the existence of extraordinary and compelling reasons, she has waived the issue. *See Jimenez*, 509 F.3d at 693 n.10; *Yohey*, 985 F.2d at 224-25. Further, this court need not consider Nelson's arguments regarding the district court's handling of the § 3553(a) factors given that she has waived any challenge to the district court's determination that there were not extraordinary and compelling reasons warranting compassionate release. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

In her reply brief, Nelson contends that she never received a copy of the Government's brief and that she is therefore unable to directly address its arguments. She argues that her due process rights have been violated by the Government's failure to provide her with a copy of its brief. However, in

No. 24-60275

view of the foregoing discussion, Nelson cannot demonstrate prejudice based on the asserted non-receipt of the Government's brief. *See Marcaida v. Rascoe*, 569 F.2d 828, 830 (5th Cir. 1978).

The decision of the district court is AFFIRMED.